## ILYANA TABELLA DRUCK v. ELBERT J. DRUCK.

103 N. W. (2d) 123.

May 13, 1960—No. 37,791.

*Brill & Brill,* for appellant.
*Silver, Goff, Ryan, Wallace & Newcome,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the trial court denying plaintiff's application for amendment of a divorce decree.

Plaintiff and defendant were married on March 8, 1942. There were no children born of this marriage. They remained married about 10 years. During that time defendant was employed by Minnesota Knit-

ting Company as an over-the-road salesman and averaged a gross income slightly exceeding $22,000 annually.

The parties were divorced by a decree dated July 11, 1952, in Ramsey County. The divorce action was contested and consumed about 3 days. In its decree the court awarded plaintiff $2,000 cash as a property settlement, payable within 30 days of the date of the decree, and then provided:

"That plaintiff be and hereby is awarded a decree against the defendant as and for permanent alimony the sum of Fourteen Thousand Five Hundred ($14,500) Dollars payable at the rate of Two Hundred Fifty ($250) Dollars per month for a period of Four (4) years and Ten (10) months, on the first day of each and every month, commencing sixty (60) days from the date of the entry of this Decree; that this alimony shall survive the defendant as a claim against his estate, in the event of his death."

The decree then provided:

"The foregoing constitutes a full, final and complete disposition of all of the rights and claims of the parties herein against each other."

Defendant paid the alimony awarded by the court in full.

Plaintiff is a college graduate; during about 3 years of her married life she attended the university, working toward a bachelor of arts degree. Following the divorce, she took no employment that produced any substantial income. She continued to attend college for extended periods, traveled abroad, created and exhibited various art objects, and occupied herself in other nonremunerative ways.

Defendant remarried 3 years after the divorce. His new wife was gainfully employed and earned approximately $17,000 per year. The two of them invested their income in anticipation of retirement from active and strenuous employment and, by virtue thereof and of considerable frugality in living, succeeded in augmenting the savings which defendant had at the time of his divorce so that at the time of the hearing on the present motion his property was worth approximately twice what it was at the time of his divorce, a large part of it consisting of the earnings of his new wife. He has now reached a position where

it is necessary for him to reduce his activity and his income has decreased from what it was at the time of the divorce.

Plaintiff made this motion for an amendment of the decree so as to enlarge the alimony awarded to her therein. It is her contention that the court abused its discretion in denying at least a continuation of the alimony in the sum of $250 per month. While there is some dispute between plaintiff and defendant as to the nature of the award of $14,500, plaintiff contending that this was alimony and defendant contending that it was a property settlement, we need not determine that issue here. For the purposes of this opinion, we will assume that it was alimony.

Plaintiff said in her brief:

"It would seem obvious, on the face of it, that the single, greatest and most compelling change of circumstances in appellant's favor is the simple fact that her $250.00 per month alimony payments have ceased."

■ Under M. S. A. 518.64, the court may, at any time after issuance of a decree of divorce, amend the same with respect to the amount of alimony upon a proper showing. It is also clear that the court may award alimony in a gross amount, payable over a limited period of time, or it may award alimony, payable indefinitely or until changed by the order of the court. In determining how alimony should be awarded, much must be left to the discretion of the trial court. Frequently it serves the purpose of the parties better to award alimony in a gross amount, or in a gross amount payable over a limited period of time, in order to permit a wife to rehabilitate herself rather than to make the alimony payments in small amounts, payable indefinitely. Reading this record can easily lead to the conclusion that that is what the trial court had in mind. Plaintiff was a well-educated person, continuing her education at the time of the divorce decree, and the court may well have believed that, by receiving larger monthly payments for a limited period of time, plaintiff could continue her education and become self-sustaining.

Whether the alimony is awarded in a gross amount or in monthly payments, payable indefinitely, the same rule applies with respect to

amendment thereof. The rule we follow is well stated in Haskell v. Haskell, 116 Minn. 10, 13, 132 N. W. 1129, 1130, where we said:

"Under the statute of this state the court awarding a judgment for alimony, *whether such alimony be payable in a gross amount* or in instalments, has undoubted authority to revise or modify such judgment. This power may be exercised upon the application of either party for good cause shown. A substantial change from the situation that prompted or made proper the terms of the original decree justifies a change in those terms. An application for such change or modification is addressed largely to the discretion of the trial court." (Italics supplied.)

■ In Senn v. Senn, 254 Minn. 294, 295, 95 N. W. (2d) 27, 28, we said:

"This court has stated many times that a petition for modification of a divorce decree is addressed to the sound discretion of the trial court and that, on appeal, this court will not reverse except for abuse of such discretion."

A number of the cases supporting that statement are to be there found.

■ An examination of the record in this case can lead to no other conclusion than that the trial court was justified in finding that the only substantial change in circumstances as far as plaintiff is concerned is that the alimony awarded by the court in gross has been paid in full. As far as defendant is concerned, the only substantial change is that he has remarried and, by virtue of the combined earnings of himself and his new wife and frugal living, has been able to accumulate some additional savings to buttress the uncertainty of their later years when their earning capacity will be diminished or completely destroyed. Obviously, plaintiff is not entitled to take advantage of the earnings of defendant's new wife, nor should defendant be penalized for frugal living which has enabled him to accumulate a reserve for his declining years. The mere fact that plaintiff has not made the best use of her opportunities should not be used to penalize defendant for having attempted to prepare for his future. No good purpose would be served by further stating the facts of the case. From a thorough reading of the entire

record we are convinced that the trial court did not abuse its discretion in denying this application.

In view of the fact that the appeal apparently has been taken in good faith, plaintiff will be allowed $500 attorneys' fees and expenses in this court. If defendant attempts to tax disbursements, plaintiff will be allowed an additional amount to offset the amount so taxed.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.