HATTIE L. POSCH v. JOSEPH POSCH.

135 N. W. (2d) 437.

May 21, 1965—No. 39,496.

*Joseph Robbie* and *Peter Lindberg,* for appellant.
*Burns, Burns, Rawlings & Burns* and *Michael O. Burns,* for respondent.

PER CURIAM.

Appeal from an order of the district court denying defendant's motion to reduce alimony payments and granting plaintiff's motion for an order directing defendant to pay forthwith to the plaintiff the sum of $335 and make an annual accounting of his income as required by a judgment entered in a separate maintenance action between the parties on May 29, 1963, or in default thereof, to be punished for contempt.

The relevant legal principles are well defined and need not be restated. See, Botkin v. Botkin, 247 Minn. 25, 77 N. W. (2d) 172; Zieman v. Zieman, 265 Minn. 190, 121 N. W. (2d) 77; Druck v. Druck, 258 Minn. 114, 103 N. W. (2d) 123.

We have no difficulty in understanding the trial judge's conviction that an able-bodied man in possession of a farm owned jointly by the parties, a herd of 17 milk cows and other livestock, and an adequate line of farm machinery, and having an opportunity on occasion to take industrial employment is, and at all times here involved has been, able to pay $90 a month for the support of his wife and two children. Defendant's reliance upon his 1963 income tax return, which shows a net operating loss from the farm operation, is misplaced, and particularly so in this case, when an affidavit filed by plaintiff gives clear indication that defendant has either failed to account accurately or to use reasonable diligence to fulfill his family obligations. A more detailed discussion of the matter will serve no useful purpose. The determination of the trial court was clearly correct.

Plaintiff is allowed $250 as attorney's fees for legal services rendered in connection with this appeal.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.