Roger W. JENSEN, petitioner, Appellant,

v.

Lorraine O. JENSEN, Respondent.

No. 48874.

Supreme Court of Minnesota.

Feb. 16, 1979.

---

Harold E. Farnes, Victoria, for appellant.

Lapp, Lazar, Lauris & Smith, Chartered and David Libra, Minneapolis, for respondent.

SHERAN, Chief Justice.

Petitioner Roger Jensen appeals from the judgment and decree of marriage dissolution entered on January 19, 1978, in the Hennepin County District Court. Specifically, he challenges the inclusion of his noncontributory vested pension plan among the marital assets and the valuation adopted by the trial court. We affirm.

In *Elliot v. Elliot,* 274 N.W.2d 75 (Minn.1978) we specifically held that pension benefits are property to be considered by the court in exercising its discretion in a property division or award of alimony. While appellant attempts to exclude these benefits upon the basis that they are future rights, not readily available to him until a number of contingencies have occurred, that argument is without merit and the trial court properly viewed the benefits as marital property. See, also, *Hensel v. Hensel,* 266 N.W.2d 712 (Minn.1978); Minn.St. 518.54, subd. 5, which directs the inclusion in the marital assets of "nonforfeitable pension benefits or rights," effective March 1, 1979.

Appellant then contends that the future benefits are of nominal present value and that the valuation of $32,539.71 is ex-

cessive. The trial court considered uncontroverted expert testimony to the effect that, in application of the accepted formula for valuing an annuity pension by discounting for future interest and mortality, the present net value was $32,539.71. Appellant offered no evidence to the contrary and cannot therefore claim that the trial court abused its discretion in this regard. *Hertz v. Hertz,* 304 Minn. 144, 146, 229 N.W.2d 42, 45 (1975).

Respondent is allowed $350 attorneys fees.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.