In re the Marriage of Gertrude Mary DuBOIS, petitioner, Appellant,

v.

John Victor DuBOIS, Respondent.

No. C3–82–1180.

Supreme Court of Minnesota.

June 24, 1983.

Klas & Klas and Daniel A. Klas, St. Paul, for appellant.

Kueppers, Kueppers, Von Feldt & Salmen and Richard C. Salmen, St. Paul, for respondent.

SCOTT, Justice.

This appeal arises from a proceeding for the dissolution of a marriage. Appellant Gertrude DuBois seeks modification of the trial court's division of respondent John Du-Bois' vested pension rights and the amount of its award of spousal maintenance and child support. We affirm as modified.

The parties to this action were married on October 17, 1959. There are four children of the marriage, two of whom were minors at the time of dissolution: John Edward, born December 7, 1964; and Jerome Mark, born June 15, 1966.

Respondent, born October 5, 1936, is a captain with the St. Paul Fire Department. In addition, respondent works part-time for the Nardini Fire Equipment Company as a systems serviceman. His gross income for 1981 was $37,530. Respondent testified that his living expenses are approximately $900 per month, not including payments for spousal maintenance and child support.

Appellant, born November 10, 1936, is unemployed and has not worked since 1963. During the marriage, appellant devoted her time to being a wife and mother. She is a high school graduate with some incidental college credits. Appellant has no formal job training or skills. She is an able-bodied, employable person.

Appellant claims that her monthly living expenses are $1,461. Included in that amount are $200 per month for new furniture and appliances which are needed in the home and $200 per month for payments on 'a new car which appellant claims she needs.

The parties own a home which has a fair market value of $68,000. It is subject to encumbrances of $7,000–$10,000. The trial court awarded appellant the use and occupancy of the homestead until the parties' youngest child becomes 18 years of age, dies, or is emancipated or otherwise self-supporting, at which time the homestead will be put on the market for sale. The proceeds will be divided equally between the parties after certain items such as selling costs, encumbrances and non-marital contributions are deducted.

Respondent acquired during the parties' marriage a vested interest in St. Paul Fire Department Relief Association retirement benefits. Each party had an expert testify

to the present value of respondent's pension benefits. The testimony was that the present value varies depending upon when respondent retires. The parties' experts testified to the following present values:

| Retirement Age | Appellant's Expert | Respondent's Expert |
|---|---|---|
| 50 | $ 81,800 | $ 92,000 |
| 60 | 32,000 | 39,000 |
| 65 | 21,000 | 21,400 |

The trial court found the present value to be $21,000, apparently based upon respondent's testimony that he had no plans to retire before age 65. Respondent cannot begin to receive his interest in the fund until after his 50th birthday, October 5, 1986, at which time, based upon the rate of pay in effect at the time of trial, he would be entitled to a lifetime monthly pension of $827.50.

The trial court awarded appellant $10,500 of respondent's pension plus interest at the rate of 6% per annum to be paid from the date of entry of the decree. Payments are to begin when the respondent reaches the age of 65 or retires, whichever is earlier, and are to be at the rate of $300 per month. The court gave appellant a lien against the pension until the $10,500 sum, plus interest, is paid in full.

Respondent was required to pay child support in the amount of $150 per month for each of the two minor children until the oldest child becomes 18, dies, or is otherwise emancipated or self-supporting and then $200 per month until the youngest child becomes 18, dies, or is otherwise emancipated or self-supporting.

Appellant was awarded spousal maintenance for 60 months at the rate of $500 per month for 36 months, $400 per month for 12 months, and $300 per month for 12 months.

Appellant Gertrude DuBois raises the following issues on appeal:

(1) Whether it was an abuse of discretion for the trial court to delay appellant's receipt of her share of respondent's pension benefits until respondent reaches the age of 65 or retires.

(2) Whether the trial court's award of spousal maintenance and child support was an abuse of discretion.

(3) Whether it was an abuse of discretion for the trial court to word its decree of dissolution so as not to allow respondent to deduct the amount of maintenance on his federal and state income tax returns.

■ 1. The valuation and division of pension rights is generally a matter for the trial court's discretion. *Faus v. Faus,* 319 N.W.2d 408, 413 (Minn.1982); *Jensen v. Jensen,* 276 N.W.2d 68, 69 (Minn.1979). In *Taylor v. Taylor,* 329 N.W.2d 795 (Minn. 1983), we discussed two methods of dividing retirement benefits upon dissolution. One method, commonly referred to as the "present cash value method," is to award the employee spouse the pension and assign the non-employee spouse assets of a value equal to a portion of the present value of the benefits. The other method, usually referred to as the "reserved jurisdiction method," is to reserve jurisdiction until retirement and divide the actual monetary benefit if and when received. The advantage of the lump sum approach is that it effects a complete severance of the spouses' interests and gives each spouse immediate control of his or her share of the marital property. The pension rights will, however, often represent the largest portion of the assets owned by the parties. An immediate award of equivalent property to the non-employee spouse in exchange for the future contingent right to pension benefits will in some cases work a severe hardship on the employee spouse. The advantage of reserving jurisdiction over the pension rights and effecting a division of the actual monetary benefits if and when they accrue is that this approach allocates equally between the parties the risk that the pension benefits may never be paid and enables the court to better determine the actual proportion of the benefits that were derived from the marriage.

In the case at bar the trial court found the present value of respondent's vested interest in the St. Paul Fire Department Relief Association pension fund to be $21,-

000. It then awarded appellant $10,500 plus interest at the rate of 6% per annum from the date of entry of the court's decree. This amount is to be paid at the rate of $300 per month commencing when respondent reaches the age of 65 or when he retires, whichever is earlier.

■ Expert testimony as to the value of respondent's pension benefits was consistent. The trial court's finding that the present value is $21,000 is not challenged on this appeal. Appellant is concerned, rather, with the time and manner in which the trial court decided to divide this marital asset. The trial court used neither of the methods discussed in *Taylor*. Although these methods are not purported to be the exclusive methods for distribution of pension benefits and the trial court does have broad discretion in these matters, the trial court exceeded the bounds of that discretion when it determined the present value of respondent's future pension rights and delayed appellant's receipt of her one-half share until respondent reaches the age of 65 or retires.

■ "Present value" discounts an award to that amount which, *if presently received,* could be invested in order to yield the future sum. *Pray v. Narragansett Improvement Co.,* R.I., 434 A.2d 923, 931 (1981). It is not just or equitable to determine the present value of future pension rights, award the non-employee spouse one-half of that value, and then delay receipt of the non-employee spouse's share until the employee spouse retires or reaches the age of 65.

■ Present value is the sum which a person would take *now* in return for giving up the right to receive an unknown number of monthly checks in the future. The present value is discounted by various actuarial calculations to reflect contingencies affecting the eventual payout, including discounts for mortality, inflation, interest, probability of vesting and probability of continued employment. Not all of these calculations are applicable to every retirement plan. In the instant case, the expert witnesses did not discount for probability of vesting or of continued employment since the pension is vested and respondent has the right to receive pension benefits even if he changes occupations. The present value is reduced to reflect the risk of respondent's death prior to receipt of pension benefits and to take account of the interest that could be earned if the money were now available for investment. The problem with such discounting is that although the amount of the award was based on present value the appellant will not receive the award until some uncertain date in the future, if ever, and therefore is still faced with the risk of respondent's death and is not able to invest the funds.

The major advantages of using the "present cash value method" are that the trial court need not retain jurisdiction over the matter and the relationship of the parties is completely severed at the time of the decree. Neither of these advantages has been realized by the trial court's decision in this case. In addition, the most important advantage of the "reserved jurisdiction method" is that it makes it unnecessary to determine the present value of the pension fund. The trial court's decision requires the court to retain jurisdiction over the matter in order to insure that appellant receives the $300 per month payments upon respondent's reaching the age of 65 or retiring and to go through the speculative process of assigning a present value to a future stream of income.

■ If there were assets available to do so without undue hardship to respondent, appellant should have been awarded her $10,500 share of the pension benefits immediately. There were not. The other large asset of the marriage is the homestead. It must be put on the market for sale by June 15, 1984, at the latest, the date upon which the parties' youngest child becomes 18 years of age. At that time sufficient marital assets will be available in order to award appellant $10,500 in exchange for her share of respondent's pension benefits. Accordingly, respondent is entitled to his entire pension benefits, and appellant's share of

the equity in the parties' homestead should be increased by $10,500 plus interest from the date of the decree.

 2. The trial court awarded appellant spousal maintenance for 60 months at the rate of $500 per month for 36 months, $400 per month for 12 months, and $300 per month for 12 months. Respondent was required to pay child support in the amount of $150 per month for each of the two minor children until the oldest becomes 18, dies or is otherwise emancipated or self-supporting and then $200 per month until the youngest child becomes 18, dies or is otherwise emancipated or self-supporting.

This court has often held that the trial court is vested with broad discretion in its determination of appropriate property division and obligations of spousal maintenance and child support. *McCarthy v. McCarthy,* 301 Minn. 270, 222 N.W.2d 331 (1974); *Messer v. Messer,* 289 Minn. 449, 184 N.W.2d 801 (1971). If the determination, as ordered by the lower court, has a reasonable and acceptable basis in fact and principle, this court will and must affirm. *Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970). In light of these standards of review, the awards for spousal maintenance and child support made by the trial court are reasonable in light of the evidence before it.

3. The trial court awarded spousal maintenance to appellant for a period of 60 months. Payments for a specified period of time which is less than 10 years are treated as installment, rather than periodic, payments under the Internal Revenue Code, IRC § 71 (1976), and are not taxed to the recipient nor deductible by the party making the payments. The court may award spousal maintenance in a gross amount, payable over a limited period of time, or it may award spousal maintenance payable indefinitely or until changed by the order of the court. *Druck v. Druck,* 258 Minn. 114, 103 N.W.2d 123 (1960). The trial court did not abuse such discretion in the instant case.

Accordingly, the judgment and decree of the district court are modified as follows: Respondent is awarded his entire pension benefits and appellant is awarded an extra $10,500 share in the equity of the family homestead secured by a lien in that amount against the homestead, plus 6% interest from the time of the decree. The lien awarded by the trial court against respondent's pension benefits is, therefore, cancelled.

Attorney fees are not awarded on this appeal.

Affirmed as modified.