Rose Ellen JOHNS, Petitioner, Respondent,

v.

Joseph Charles JOHNS, Appellant.

No. C5-84-486.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Brian J. Murphy, Quarnstrom, Doering, Pederson, Leary & Murphy, Marshall, for respondent.

James E. Kerr, Velta, Irons & Kerr, Tracy, for appellant.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

In this marriage dissolution action, the husband appeals the requirement that he pay $37,500.00 to the wife over a period of ten years as a property settlement, and also appeals the division of certain personal property. We affirm.

## FACTS

Rose and Joseph Johns were divorced in 1983 after thirty years of marriage. During the marriage, the parties acquired a 240 acre farm and its attendant personal property and a lake home valued at $75,000. The parties also acquired indebtedness which was approximately equal to their assets. The exact amount of assets and liabilities is disputed, but each is in the range of a half million dollars.

Rose is currently self-employed as a housekeeper, with a net monthly income of $600.00 and estimated monthly expenses of $650.00. Joseph has remained on the farm. His farming operation resulted in no taxable income in 1982. Joseph has custody of the parties' two minor children. His living expenses are estimated at $1,200.00 per month. No child support was ordered. Joseph has had one heart attack and is being evaluated for possible coronary bypass surgery. His health is not good.

The court found that neither party was entitled to maintenance from the other. It awarded all real property owned by the parties to the husband and assigned all the parties' debts to the husband, and awarded the wife $37,500, a sum representing half the value of the parties' lake home, to be paid in ten yearly installments without interest. In addition, the court awarded half the furniture to each party and all the rest of the personal property to the husband with the exception of certain enumerated items to Rose which Joseph claims are his non-marital property.

## ISSUES

1. Did the trial court err in awarding the wife a cash distribution of $37,500.00 to be paid over ten years?

2. Did the trial court err in awarding the disputed silver dollar collection and other personal property to the wife?

## ANALYSIS

1. Appellant claims the trial court erred in evaluating the parties' assets, and alleges that error resulted in an overestimate of the parties' net worth, which, in turn, resulted in too high an award to the wife. He argues that since the parties have a negative net worth, the wife should not get anything as a property settlement and should be required to pay him child support.

Trial courts are accorded broad discretion in the valuation and distribution of marital assets. *Hertz v. Hertz*, 229 N.W.2d 42, 44 (1975); *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn. 1983). Where the trial court's decision on valuation and division are supported by evidence in the record, they will not be disturbed. *Ronnkvist* at 766; *Servin v. Servin*, 345 N.W.2d 754 (Minn.1984). The value the trial court placed on each asset and each liability is supported by evidence in the record. While the trial court could have computed the value of the stored crops differently and thus obtained a slightly different number, it did not err in arriving at the values it placed upon the crops.

By the trial court's calculations, the parties had a net worth of slightly more than $13,000.00, with assets and liabilities each in the neighborhood of $500,-000.00. By appellant's calculations, the parties had a negative net worth of $9,233.00. Appellant argues that even if the trial court's calculations were correct, the award of $37,500.00 to respondent was an abuse of discretion and should be reversed. We reject appellant's contention. A trial court's division of marital property need not be mathematically equal. *Ruzic v. Ruzic*, 281 N.W.2d 502 (Minn.1979). Under Minn.Stat. § 518.58 (1982), the court must make "a just and equitable division of the marital property of the parties," based upon

> all relevant factors, including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contributions of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.58.

In awarding that sum to the wife, the court took into consideration her age, her lack of any employment history except for employment as a farm wife and a mother, and her current job as a self-employed housekeeper without a retirement plan, medical benefits, sick pay, insurance, or any chance to save. Throughout the marriage of thirty years, the wife labored alongside her husband to build their farm and their family. The evidence indicated that before the value of farm land started its recent decline, the parties had built their farm into a profitable operation. To leave the wife with nothing because the marriage ended after several economic bad years would be questionable. The husband was awarded the farm and all its effects, as well as the parties' home. With what he was awarded, the husband can attempt to make a living for himself—he has the opportunity to build the farm back up, and he has a place to live, even though it all may be heavily encumbered.

In addition, while the amount of the award to the wife—$37,500.00—seems high, it is to be paid over ten years *without interest*, and it is unsecured. The actual present cash value of the right to receive $3750.00 per year for ten years is much less than $37,500. The award of $37,500 to be paid without interest over ten years was not error.

2. Appellant argues that the trial court erred in awarding certain personal property to the wife, alleging that the property awarded was his non-marital property. There was evidence in the record to support a finding that the contested items were marital property, and the trial court's determination will thus not be reversed.

### DECISION

The award of $37,500.00 to the wife, unsecured and without interest, was not error. Evidence in the record supported the finding that items of property awarded to the wife were marital property.

Affirmed.