In re the Marriage of Norman M. VINNES, Petitioner, Respondent,

v.

Eileen M. VINNES, Appellant.

No. C2–85–1878.

Court of Appeals of Minnesota.

April 8, 1986.

Norman M. Vinnes, pro se.

Kenneth P. Griswold, St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

The parties were divorced by a decree entered August 8, 1985. The court announced its decision to the parties on June 19, 1985. Prior to entry of the decree and following the decision, the attorney of appellant, Eileen Vinnes, asked the trial court to reconsider the property division and award appellant exactly 50% of the marital property. The trial judge declined to do so and stated his reasons in a letter dated July 1, 1985, addressed to both counsel. In the property settlement, respondent received approximately $11,500 more than appellant. Eileen Vinnes appeals the unequal property division, contending that the court was required to equally divide the marital assets in the case of a long-term marriage. We affirm.

## FACTS

The parties were married March 19, 1960, and were separated approximately three years before the dissolution in December, 1982. They have two grown children.

Respondent, Norman Vinnes, is director of Ramsey County Library. His gross annual income is $44,877.50. Appellant is a part-time nurse practitioner employed by Share. She is also in the Air Force Reserve. Appellant's annual gross income is approximately $33,000. Appellant received, as part of the property settlement, an asset which generates an additional $6,000 per year tax-free income.

The marital estate consists of four parcels of real estate, one of which is the marital homestead. The stipulated value of the marital homestead, $127,450, was reduced by the trial court by $29,767, for repairs, taxes, and assessments paid by appellant during the separation, to $97,683. The second parcel, property at Battle Lake, was valued at $9,185. The third parcel, known as the Denver property, was ordered sold pursuant to the parties' stipulation and the proceeds were divided equally. The fourth parcel, located at 735 Margaret, valued at $39,000, and was awarded to respondent. The parties were each awarded savings, checking and security accounts held in their individual names.

According to both parties, appellant received $164,057 total real and personal property. Respondent received $187,106 total real and personal property. However, the trial court did not make specific a finding of the value of the total property awarded to each party.

The parties did not obtain a temporary order from the court prior to the dissolution. During their separation and prior to the dissolution, appellant loaned her brother $28,000. The trial court found:

During the dissolution proceedings, Respondent [wife] without the consent or knowledge of Petitioner [husband] gave her father $28,000, who in turn transferred the funds to respondent's brother * * *. The advance was deemed to be a loan. The business operated by Respondent's brother appears to be insolvent. Had respondent not advanced said sum, there would have been an additional $28,000.00 in assets, plus interest, to be distributed to her at the conclusion of the dissolution proceedings.

\* \* \* \* \* \*

That the unpaid portion of the loan, $28,000.00 which the Respondent made to her father and brother shall not be charged to her in determining the distribution of the marital assets.

After the trial, when appellant's counsel moved the court to revise the property division to an exactly equal division, the trial judge responded by letter:

In this case, the fact that the value of the assets awarded the parties are not exactly equal does not make the division unjust and inequitable. This is so because of the various loans which the parties had made to relatives throughout the course of their marriage, *specifically the $28,000 which Respondent had loaned her brother's company.*

The trial court denied appellant's motion for amended findings and an even division of marital assets.

### ISSUE

Did the trial court abuse its discretion in failing to award appellant 50% of the marital estate and in failing to make findings on the reason for the uneven division?

### ANALYSIS

Appellant makes three claims. First, that the trial court erred in failing to award her 50% of the marital property; second, that the trial court somehow improperly considered a $28,000 loan made by appellant to her brother during the parties' separation in the property settlement; and third, that the court erred in failing to make findings on its reason for awarding respondent more property than appellant.

■ Respondent contends that the court made a proper division of the property and that the findings of fact are sufficient to support the division. He also asks this court to assess interest on the share of the home equity due him. He argues the interest should be retroactive to the date the decree specified the sale should take place. This issue has not been raised before the trial court, however, and we will not consider it on appeal. *See Benedict v. Benedict,*

361 N.W.2d 429, 431–32 (Minn.Ct.App. 1985).

■ Property division is governed by Minn.Stat. § 518.58 (1984):

Upon a dissolution of a marriage * * * the court shall make a just and equitable division of the marital property of the parties without regard to marital misconduct, after making findings regarding the division of the property.

Marital property is defined as:

property, real or personal, * * * acquired by the parties, or either of them * * * at any time during the existence of the marriage relation between them * * *. All property acquired by either spouse subsequent to the marriage and before a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses.

Minn.Stat. § 518.54, subd. 5 (1984). Here the money loaned to appellant's brother was earned by appellant prior to the dissolution, so under the statutory presumption, that property is marital. Because the parties were not legally separated when appellant made the $28,000 loan to her brother, the loan can be considered to have been made from marital assets.

From the court's post-trial letter addressed to the parties' attorneys, it is apparent that, although the judge considered the loan a relevant factor in the property division, he did not actually list the loan as an asset and apportion that asset to the appellant, nor did he consider the loan in any other way in dividing the marital estate.

■ Appellant argues that the letter contradicts the decree, thus the trial court "lacks credibility." However, the standard of review in property divisions is whether the court abused its discretion. *Kreidler v. Kreidler,* 348 N.W.2d 780, 782 (Minn.Ct. App.1985). While the court's letter confuses the issue somewhat, we find no abuse of discretion in the property division. It is clear from the judgment that the judge did not take the loan directly into account in

dividing the marital assets, although he would have been acting within his discretion had he chosen to do so.

■ The record as a whole is clear. The court made a close division of the marital assets and a court's division of marital assets need not be mathematically equal. *Johns v. Johns,* 354 N.W.2d 564, 566 (Minn. Ct.App.1984). The Minnesota Supreme Court recently stated that "equal division of the wealth accumulated through the joint efforts of the parties is appropriate on dissolution of a long term marriage." *Miller v. Miller,* 352 N.W.2d 738, 742 (Minn. 1984). However, an "appropriate," or just and equitable division does not *require* equal division. *Ruzic v. Ruzic,* 281 N.W.2d 502 (Minn.1979). The issue of whether the court technically considered the $28,000 loan is not controlling on the issue of property division. The court needed to make a just and equitable split. We hold that it did.

Appellant also argues that this case should be remanded for findings on why the court did not order an *exactly* equal division of marital property. The cases cited by appellant requiring detailed findings are child support and custody cases and are not applicable to property division.

■ Although the trial court's findings are less detailed than we would have liked, they are sufficient to allow appellate review. The detailed findings required in the child support and custody cases cited by appellant are not required in property division cases. *See* Minn.Stat. §§ 518.551 (1984) and 518.17 (1984). We hold the findings comport with Minn.Stat. § 518.58. The court is required to "make findings regarding the division of property," and must base its findings on

> all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisi-

tion, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.58. The trial court complied with these requirements. Neither the statute nor case law require the court to justify with factual findings any division that is not mathematically equal.

■ Appellant also argues that the court awarded respondent his deferred compensation plan outright and did not consider it to be marital property. This is not accurate. The court's conclusion of law states:

> Each of the parties shall be awarded any interest in the pension plan which accrues through their respective employers.

This conclusion of law does not, as appellant contends, denominate respondent's profit sharing plan as non-marital. The value of the profit sharing plan is included in the $187,106 marital property awarded to respondent.

## DECISION

The trial court did not err in awarding respondent a slightly larger share of the marital estate than it awarded appellant.

Affirmed.