**In re the Marriage of Robert CRACE, petitioner, Appellant,**

v.

**Carol CRACE, Respondent.**

**Nos. C2–86–904, C9–86–916.**

Court of Appeals of Minnesota.

Dec. 2, 1986.
Review Denied Jan. 27, 1987.

David A. Singer, Singer & Singer, Minneapolis, for appellant.

Stephen C. Rathke, Borden, Steinbauer, Rathke & Krueger, Brainerd, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

In this dissolution matter, appellant alleges the trial court erred as a matter of law by classifying appellant's state trooper pension benefits as marital property. Both appellant and respondent claim the trial court abused its discretion in valuing and dividing property. We affirm.

## FACTS

Appellant Robert Crace and respondent Carol Crace were married in 1962 and have three children. In November 1984, the trial court issued a partial judgment granting a dissolution of their marriage but reserving all other issues. The only unemancipated child at that time was James Crace, born November 18, 1970.

Appellant has been employed as a highway patrol officer for over 16 years. He plans to work until retirement, when he will be eligible for state trooper pension benefits. Appellant may retire at age 55; retirement becomes mandatory at age 60. Appellant is not presently eligible for social security benefits.

Respondent is employed as a production clerk at Sanzo Nutrition and anticipates social security benefits upon retirement.

The trial court addressed the reserved issues in two amended judgments, entered in February 1986 and May 1986. The court awarded appellant custody of James and granted liberal visitation rights to respondent, pursuant to the parties' stipulation. The court ordered respondent to pay $190 in monthly child support.

The court valued appellant's state trooper pension benefits at $25,000 and awarded them to appellant. Appellant's expert estimated the present value of the anticipated state trooper retirement benefits at $19,749 before taxes and $15,986 after taxes. Respondent's expert valued the benefits at $88,472, assuming an interest rate of five percent. By affidavit, appellant's expert rebutted the validity of the assumed interest rate.

Appellant was also granted the parties' homestead, which the court valued at $32,000. Respondent Carol Crace was granted cash of $26,786 as her share of the marital property distribution, to be secured by a lien on the homestead. In calculating this award the court took into account the pension and home awarded to appellant, viewing the pension as part of his marital property. The court made no adjustment of this calculation to take into account respondent's potential social security benefit.

The court originally allocated any potential tax refunds for 1981, 1982, and 1983 to appellant, but in the second amended judgment the court instead divided the refunds equally between the parties. The court also ordered both parties to pay various marital debts. Appellant's allocation included a debt to the highway credit union, initially valued at $9681 and later amended to $7589.

Appellant claims (1) the trial court erred as a matter of law in treating his state trooper pension as marital property, (2) alternatively, the trial court abused its discretion in valuing the pension benefits, (3) the trial court improperly valued the highway credit union debt, and (4) he is exclusively entitled to possible income tax refunds. Respondent claims the trial court abused its discretion in valuing appellant's pension benefits at $25,000 rather than $88,472.

## ISSUES

1. Did the trial court err in considering state trooper retirement benefits as marital property?

2. Did the trial court abuse its discretion in the valuation and distribution of property and marital debt payments?

## ANALYSIS

1. "Determination of whether a particular item of property is marital or nonmarital is a question of law * * *." *Erdahl v. Erdahl*, 384 N.W.2d 566, 568 (Minn.Ct.App. 1986). "All property acquired during the marriage is presumed to be marital property." *Id.* *See* Minn.Stat. § 518.54, subd. 5 (1984).

The trial court properly rejected appellant's argument that state trooper pension benefits are exempt from consideration as marital property. The court relied on both the statutory presumption that property is marital unless shown otherwise and on *Janssen v. Janssen*, 331 N.W.2d 752 (Minn. 1983), in which the Minnesota Supreme Court established nonvested, unmatured police officer pension benefits as marital property. *Id.* at 754–56. In 1978, the legislature expressly noted that "nonforfeitable" (later amended to say "vested") pensions were marital property. 1978 Minn. Laws ch. 772, § 48. In *Janssen*, the supreme court said that a nonvested pension was a contractual right, a property interest, and within the "expansive" statutory definition of marital property. *Id.* at 754–55.

The supreme court in *Janssen* concluded:

Our reading of legislative intent comports with the growing recognition of pension rights and their importance as a major asset in marital dissolution proceedings. In the instant case, the pension was one of the major assets of the marriage, and only the house ranked with equal stature. To award one party this asset would ignore the presumption of Minn.Stat. § 518.58 (1982) that each spouse contributed to the acquisition of property while they lived together as husband and wife.

*Id.* at 756.

*Janssen* followed a series of cases finding both private and public pension benefits to be marital property, including *Elliott v. Elliott*, 274 N.W.2d 75, 77 (Minn.1978) (private pension benefits are property for purposes of distribution under Minn.Stat. § 518.58, the division of marital property statute); *Jensen v. Jensen*, 276 N.W.2d 68, 69 (Minn.1979) (fact that benefits are not readily available until a number of contingencies have occurred does not exclude their consideration as marital property); *Faus v. Faus*, 319 N.W.2d 408, 413 (Minn. 1982) (firefighter pension benefits are property to be considered by the court in division of marital property); and *Taylor v. Taylor*, 329 N.W.2d 795, 797–98 (Minn. 1983) (applying *Faus, Jensen,* and *Elliott*). The supreme court has reaffirmed this rule since *Janssen*. *See DuBois v. DuBois*, 335 N.W.2d 503, 505 (Minn.1983) (valuation and division of pension rights is generally a matter for the trial court's discretion, citing *Faus* and *Janssen*).

Appellant, however, argues that a 1983 amendment to the state trooper retirement statutes overrules this line of cases and exempts state trooper pension benefits from consideration as marital property. *See* 1983 Minn.Laws ch. 128, § 24. The 1983 statute, in effect at the time this action began, provides that:

None of the moneys, annuities, or other benefits provided for in [Chapter 352B] shall be assignable either in law or in equity or be subject to execution, levy, attachment, garnishment, or other legal process, *including actions for dissolution, legal separation, or child support.*

Minn.Stat. § 352B.071 (Supp.1983) (amended 1984) (emphasis added). The 1983 amendment added the emphasized language that was already a part of the legal process exemption for public employees' retirement benefits, Minn.Stat. § 353.15 (1982) (amended 1984).

These process exemptions do not deal with the definition of marital property for

dissolution cases; they do not overcome the expansive statutory definition of marital property nor do they change the holding in *Janssen* classifying pensions as marital property. *See Janssen*, 331 N.W.2d at 754–56; *Faus*, 319 N.W.2d at 411, 413. In addition to adherence to the public policy and statutory construction concerns articulated in *Janssen*, we are compelled to reach this conclusion by other case law applying the process exemptions, and subsequent legislative history.

In *Faus*, the supreme court construed a legal process exemption statute that made no reference to dissolution actions, reasoning that:

> Even where the exemption provision is absolute on its face, it has been held that exemptions contained in pension statutes are inapplicable to a claim for alimony or child support. These courts have reasoned that the purpose of the exemption statutes is to preserve the retirement benefits for the dependents as well as for the pensioner.
>
> \* \* \* \* \* \*
>
> We do not believe that the legislature intended to create an exemption so broad and so inconsistent with the policy that it has declared in other acts [enforcing an obligor's duty of maintenance and support]. We therefore conclude that *appellant's legal dependents should not be classified, for purposes of [the exemption statute], with strangers holding claims hostile to his interest and their own.*

*Faus*, 319 N.W.2d at 411 (citations omitted) (emphasis added).

A more recent (1984) amendment to the legal process exemption statutes affirms the reasoning in *Faus* and *Janssen* and reinforces the recognition of the importance of pension rights as a "major asset in marital dissolution proceedings." *Janssen*, 331 N.W.2d at 756. Chapters 352B (governing state trooper pensions), 353 and oth-

ers were further amended in 1984 to limit the legal process exemption by allowing for the collection of child support or maintenance pursuant to Minn.Stat. § 518.611, which provides for the withholding of income to pay support and maintenance. 1984 Minn.Laws ch. 547, §§ 5, 6.[1] The 1984 amendment gives legislative approval to the reasoning in *Faus* that exemption provisions act only to protect a pensioner's dependents and not to exclude a major marital asset from consideration in dissolution proceedings.

Appellant nevertheless argues that the 1983 amendment governs this case and overruled *Faus* and *Janssen*, even if only for the brief time preceding the 1984 amendment. This argument cannot prevail. Section 352B.071 is a process exemption statute, nothing more than that. This was true before and after the 1983 amendment referring to process in dissolution cases. The public policy concerns addressed in *Faus* and *Janssen* have continuing validity, and those concerns have been reaffirmed by the 1984 legislature. Furthermore, in enacting the 1983 amendment, the legislature chose not to completely insulate the benefits from the courts' reach as could have been done by defining some or all pensions as nonmarital property in Minn.Stat. § 518.54, subd. 5, and exempting them from consideration under Minn. Stat. § 518.58.

2. "Trial courts are accorded broad discretion in the valuation and distribution of marital assets." *Johns v. Johns*, 354 N.W.2d 564, 566 (Minn.Ct.App.1984). "Where the trial court's decision on valuation and division are supported by evidence in the record, they will not be disturbed." *Id.*

Appellant first argues that if his pension benefits are included in the property division then respondent's social security benefits must also be considered. In *Elliott*, the supreme court discussed the diffi-

---

**1.** The 1984 amendment added the same "except as provided in section 518.611" allowance to process exemptions for retirement benefits and relief aid paid to firefighters, state employees, teachers, Minneapolis city employees, and police officers. 1984 Minn.Laws ch. 547, §§ 1, 4, 7–15.

culty of treating future social security benefits as property. *Elliott*, 274 N.W.2d at 78. The court considered the contingent nature of social security benefits, noting that early death prevents a person from receiving any benefits, and the court observed that a previously ineligible person can readily gain eligibility for benefits by working several quarters in employment covered by the social security system. *Id.* The court also observed that the benefits should be given some consideration because they represent a loss of spending power to the nonemployee spouse. *Id.*

*Elliott* neither adopted nor rejected the notion that social security benefits are property, while acknowledging the trend in various states as well as the federal law against assignment of the benefits. *Id.* at n. 9. Rather, the court concluded that "[c]onsideration of these matters is within the discretion of the trial court in devising a property settlement." *Id.* Here, the trial court specifically considered appellant's pension as marital property and took no like account of respondent's social security benefits; it awarded appellant the homestead as well as all right, title and interest to his retirement benefits, and awarded a cash differential to respondent. While a smaller cash award could have been made and might enhance the fairness of the division of this small marital estate, the division does not constitute an abuse of discretion. *See also Taylor*, 329 N.W.2d at 799 (it is "proper to consider pension benefits as property rights and social security benefits as future income."). To hold otherwise would improperly substitute our judgment for that of the trial court.

■ Both parties claim the trial court abused its discretion in valuing appellant's highway patrol pension at $25,000. Appellant's expert valued the benefits at $19,749 before taxes and $15,986 after taxes, based on mandatory retirement at age 60. Appellant testified the earliest possible date he could retire would be at age 55. Respondent's expert placed the value at $88,472.88, based on early retirement and a five percent discount factor. Appellant's expert rebutted the validity of the percentage rate by affidavit.

Valuation is necessarily an approximation, and "it is only necessary that the value arrived at lies within a reasonable range of figures." *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (Minn. 1975). Given equivocation about the exact year of retirement, $25,000 is within a reasonable range of the valuation before taxes. *See Helland v. Helland*, 354 N.W.2d 591, 592 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Jan. 3, 1985) (trial court has discretion to consider tax consequences of a property award). Similarly, the court's valuation of the highway credit union debt of $7589 is within a reasonable range supported by the record.

■ Appellant also claims he should be exclusively entitled to possible income tax refunds for the years 1981 through 1983. Since the parties filed jointly as a married couple during the time period, the trial court's equal division of the possible refunds is proper. *See* Minn.Stat. § 518.58 (1984).

### DECISION

The trial court properly considered appellant's state trooper pension benefits as marital property. The trial court did not abuse its discretion in valuing and dividing the marital estate.

Affirmed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent and would reverse for the following reasons:

1. "Determination of whether a particular item of property is marital or nonmarital is a question of law * * *." *Erdahl v. Erdahl*, 384 N.W.2d 566, 568 (Minn.Ct.App. 1986). Appellant claims his state trooper pension benefits are exempt from consideration as marital property in dissolution proceedings.

At the time this action commenced, Minn. Stat. § 352B.071 (Supp.1983) exempted state trooper benefits from process:

> None of the moneys, annuities, or other benefits provided for in [chapter 352B] shall be assignable either in law or in equity or be subject to execution, levy, attachment, garnishment, or other legal process, *including actions for dissolution, legal separation, or child support.*

*Id.* (emphasis added).

The Minnesota Legislature exempted the benefits from dissolution actions in 1983. Legislative history research of the 1983 amendment reveals a legislative intent to update the statute with almost identical language contained in a similar exemption statute for public employees' retirement benefits under Minn.Stat. § 353.15 (1982).

In 1984, both Minn.Stat. §§ 352B.071 and 353.15 were further amended to allow for the collection of child support or maintenance pursuant to Minn.Stat. § 518.611. 1984 Minn.Laws ch. 547 §§ 5, 6. For all other causes of action, as before, state pensions continue to be beyond the courts' reach. The 1984 amendment is evidence of legislative intent to clarify the scope of the 1983 exemption language. The amendment specifies exceptions to section 352B.071 only for child support and maintenance and does not allow courts to consider pension benefits as marital property subject to apportionment. In light of the limited exemptions in 1984, to otherwise interpret an additional exception for marital property consideration would render the 1983 language exempting benefits from dissolution actions a nullity.

"As with all statutory construction analyses, our task is to give effect to the intent of the legislature." *Janssen v.*

*Janssen,* 331 N.W.2d 752, 755 (Minn.1983). I conclude the legislature intended to exempt state trooper pension benefits from consideration as marital property in dissolution actions under Minn.Stat. § 352B.071 (Supp.1983).

2. Those cases which permit pension benefits to be divided as marital property are either distinguishable or superseded by subsequent legislation. *Elliott v. Elliott,* 274 N.W.2d 75 (Minn.1978) is distinguishable because it involves a private pension fund.

Firefighter and police pensions were held assignable for support and maintenance purposes and as marital property capable of division in *DuBois v. DuBois,* 335 N.W.2d 503 (Minn.1983) (St. Paul Fire Department Relief Association Pension Fund); *Janssen,* 331 N.W.2d at 752 (Minneapolis Police Pension Fund); *Faus v. Faus,* 319 N.W.2d 408 (Minn.1982) (Minneapolis Fire Department Pension Fund). No restriction on assignment of those pensions in dissolution actions existed when *DuBois, Janssen* and *Faus* were decided. In 1984, the legislature added exemptions from assignment in chapter 423A providing for police and firefighter relief:

> Notwithstanding any law to the contrary, none of the moneys, annuities, or other benefits provided by any police or salaried firefighter's relief association shall be assignable in law or in equity, nor be subject to execution, levy, attachment, garnishment, or other legal process, *except as provided in section 518.-611.*

1984 Minn.Laws ch. 547, § 13 (codified at Minn.Stat. § 423A.16 (1984)) (emphasis added). The only permitted exception regarding dissolution matters concerns support or maintenance payments.[1]

---

**1.** 1984 Minn.Laws ch. 547 amending chapter 423A added identical language excepting support and maintenance payments in other provisions exempting police and firefighters' pensions. Minn.Stat. §§ 423.813 (police pension in cities of second class); 423.39 (police pensions in cities of third class); 423.61 (police pensions in cities of fourth class); 69.62 (firefighters' retirement in cities of first class); 424.27 (firefighters' retirement in cities of second class);

424A.02, subd. 6 (volunteer firefighters' retirement). In addition to amending Minn.Stat. §§ 352B.071, the state trooper pension exemption provision involved here, and 353.15, exempting public employee retirement benefits, the same 1984 amendment similarly amended Minn.Stat. §§ 422A.24 exempting Minneapolis retirement allowances and 354.10, 354A.11 exempting teachers' retirement benefits.

Similarly, Minn.Stat. § 69.62 regarding firefighters in cities of the first class was amended in 1984 to read:

> No payment made or to be made by any fire department relief association in a city of the first class under the provisions of section 69.25 to any member of the pension roll shall be subject to judgment, garnishment, execution, or other legal process, *except as provided in section 518.611;* and no person entitled to this payment shall have the right to assign the same, nor shall the association have the authority to recognize any assignment or pay over any sum which has been assigned.

1984 Minn.Laws ch. 547, § 1. Again, the only exemption exception regards payment of maintenance and support. The statute does not permit such pensions to be assigned as marital property.[2]

3. Further support for exempting these benefits from marital property consideration is derived from the similar exempted treatment of federal social security benefits. It is well established future social security benefits are not property rights for consideration in the property division. *See Taylor v. Taylor*, 329 N.W.2d 795, 799 (Minn.1983); *Elliott*, 274 N.W.2d at 78 (consideration only as future income in determining maintenance award). In this matter, the trial court properly did not consider respondent's anticipated social security in determining the property division.

Appellant, however, is not eligible for federal social security benefits. Minn.Stat. ch. 352B establishing state trooper retirement benefits is the state statutory counterpart to federal social security retirement benefits. To consider appellant's retirement benefits in property division and ignore respondent's retirement benefits would lead to an unjust result. The more proper property division here is allowing each party to retain their respective retirement benefits.

Although appellant was allowed to retain his pension benefits, the court improperly considered the benefits marital property and awarded respondent a disproportionately large lien on the homestead to equalize the property division. I would remand with instructions to reduce the lien by one-half the value of appellant's pension benefits improperly included in respondent's share.

---

**2.** In *Faus,* the court discussed Minn.Stat. § 69.-51 exempting payments by any relief association in chapter 69 involving police and fire department aid from "garnishment, execution or other legal process." This particular provision was not amended in 1984 to include the exception under section 518.611 for support and maintenance. We are at a loss to explain why the legislature amended section 69.62 and not 69.51, especially in light of the extensive reach of 1984 Minn.Laws ch. 547. Since *Faus* involved Minneapolis Fire Department pension benefits, the court apparently erroneously applied section 69.51 instead of section 69.62 which specifically applies to exemption of fire department pension benefits in cities of the first class.