In re the Marriage of Mary H. PEASLEE, Petitioner, Respondent,

v.

Ernest M. PEASLEE, Appellant.

No. CX–86–1511.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Raymond M. Lazar, Mallory K. Mullins, Fredrikson & Byron, P.A., Minneapolis, for respondent.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant contends the trial court erred in denying modification of maintenance. We conclude the trial court's errors in valuation did not affect the weight of the court's ultimate finding that the obligor did not suffer a substantial decrease in income.

## FACTS

The parties, Mary and Ernest Peaslee, were married in June 1948. The amended judgment dissolving their marriage was en-

tered in June 1985. Both parties are 57 years old. Ernest Peaslee sold his business and retired in 1981. Mary Peaslee was a homemaker throughout the 36–year marriage. Prior to the dissolution, the parties entered into a stipulated marital termination agreement. The stipulation provided that appellant Ernest Peaslee would pay respondent Mary Peaslee $1250 per month as permanent spousal maintenance, subject to modification pursuant to Minnesota Statutes § 518.64.

At the time of dissolution, the parties divided their substantial marital property. The total marital and nonmarital property awarded to appellant exceeded $900,000.[1] The total marital and nonmarital property awarded to respondent exceeded $400,000.

In November 1985, appellant filed a motion for elimination or reduction of spousal maintenance, on the basis that there was a substantial change of circumstances that rendered the terms of the stipulation and judgment of dissolution unreasonable and unfair. Specifically, appellant claimed he incurred a substantial decrease in earnings from assets while respondent's earnings from assets increased.

The trial court determined that appellant experienced a 12 percent decrease in his gross monthly income since the time of dissolution.[2] The trial court concluded that a 12 percent reduction in monthly gross income is a "significant but not substantial" decrease. The court awarded respondent $3000 in attorney fees.

Appellant disputes whether the trial court fully understood the circumstances of the parties, claims his income is less than that found by the trial court, asserts the court overlooked an inheritance now enjoyed by respondent, and claims the award of attorney fees was an abuse of discretion.

## ISSUES

1. Did the trial court err in finding the absence of substantial circumstances that would have justified modification of maintenance?

2. Did the trial court abuse its discretion in awarding attorney fees to respondent?

## ANALYSIS

Appellant has three disputes with the facts the trial court relied upon in reaching its decision. We agree the trial court made factual errors, but the record supports the trial court's denial of appellant's motion for modification or elimination of maintenance.[3]

### I.

The trial court has broad discretion in determining spousal maintenance and its decision must be affirmed if it has a reasonable and acceptable basis in fact. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983). Its underlying findings of fact must be affirmed if not clearly erroneous. Minn.R.Civ.P. 52.01.

A. The trial court's findings state that at the time of dissolution appellant had $839,000 in assets, and that his losses since the dissolution have exceeded appreciation by $53,166. Appellant asserts the court overstated his assets. Specifically, in the trial court's findings appellant's Brass contract is valued at $300,000. Appellant claims the correct value of the contract is $157,500. Thus, appellant claims the court

1. The original judgment did not include a listing of all the property awarded to either party. At the time of appellant's motion for elimination or modification of maintenance, the trial court attempted to make a list of all assets awarded to each party and found that appellant's assets totaled $839,000. As we indicate later in this opinion, it is evident the trial court understated the value of these assets by at least $115,000.

2. The court found appellant's monthly gross income for February 1985 was $7942 and at the

time of his motion appellant's gross monthly income was $6988. When $1200 for spousal maintenance is subtracted, appellant's monthly income is $5738.

3. The statute permits modification of a maintenance award upon a showing (among other grounds) of "substantially increased or decreased earnings of a party" or "substantially increased or decreased need of a party." Minn. Stat. § 518.64, subd. 2 (Supp.1985).

overstated the value of this asset by $143,500. Further, appellant claims the court understated one of his debts by $40,000.

The record substantiates appellant's claims on these errors. The trial court overstated appellant's net assets in the amount of $182,500. On the other hand, respondent states and appellant admits the trial court's list of his assets omits a $300,000 certificate of deposit. There is no showing of errors that enhance the merit of appellant's case.

B. The trial court used a financial statement, prepared by appellant in February 1985, to determine appellant's income and assets. Appellant notes this financial statement was only an estimate of income, and his actual income for 1985 was less than he anticipated. Evidence of appellant's actual income was not before the trial court. Even if the income tax returns were properly before us, the trial court would be affirmed.

According to his 1985 income tax returns, appellant now claims his income for that same year was actually $6800, $1100 less per month than the estimate in his financial statement. As indicated by the trial court findings, appellant's gross monthly income is further reduced by $950 due to a debtor's default for which appellant is now obligated. When spousal maintenance is subtracted, appellant's gross monthly income remains over $4500, with current assets exceeding $900,000.

Given the great amount of income available for payment of maintenance we do not agree that the discrepancy in estimated versus actual income made the decrease in income "substantial" rather than merely significant, as found by the trial court. *See* Minn.Stat. § 518.64, subd. 2 (Supp. 1985).

C. Appellant further contends the trial court erred in failing to make any findings regarding respondent's increased assets since the time of her mother's death. Appellant claims respondent received $79,000 from the sale of her mother's home and regained control of $30,000 of respondent's own property previously set aside for her mother. The only evidence introduced to support appellant's claims was appellant's own affidavit.

Appellant suggests these facts require further attention of the trial court or reversal by this court. We disagree. The alleged inheritance of $79,000 is evidently immaterial to the disposition of this case. The parties' 1985 stipulation demonstrates that the dissolution involved division of a substantial estate and that permanent maintenance, even without a judicial determination of need, was considered a necessary part of the stipulation. Appellant had set aside for him property worth twice the value of respondent's considerable property. Respondent's inheritance is not a substantial change of circumstances warranting modification of this recent maintenance award, one based on the stipulation of the parties.

Upon failure to show a substantial change in circumstances, the appellant was not entitled to modification of the maintenance award. *See* Minn.Stat. § 518.64, subd. 2 (Supp.1985).

## II.

In dissolution cases, an award of attorney fees is within the trial court's discretion and will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App. 1984). We find no abuse of discretion in the trial court's award of attorney fees to respondent. Appellant brought a motion for reduction or elimination of maintenance less than one year after the stipulation for maintenance was entered. The trial judge apparently believed that appellant's motions were frivolous and possibly harassing. We find no error in the trial court's award.

## DECISION

The trial court did not err in its decisions on maintenance and attorney fees.

Affirmed.