## BARBARA B. HERTZ v. LLOYD A. HERTZ.

229 N. W. 2d 42.

May 9, 1975—No. 45191.

*Ruttenberg, Orren, Griswold & Bernet* and *Kenneth P. Griswold,* for appellant.

*Dorfman, Rudquist & DuFour, Leo Dorfman,* and *Alan Dorfman,* for respondent.

Heard before Sheran, C. J., and Peterson, Kelly, Yetka, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal arises from a divorce action in which the trial court resolved issues of custody, alimony, and property settlement, and granted each party a divorce. Defendant, Lloyd A. Hertz, moved for a new trial or for amended findings with regard to the alimony and property awards. Defendant now appeals from a denial of that motion and from the judgment.

Plaintiff, Barbara Hertz, and defendant were married in 1949. The couple now has one minor child. Defendant's principal asset is the Hertz Manufacturing Co., Inc., in which he is the sole shareholder. The corporation is a wholesale jobber of men's belts, leather goods, accessories, and gift items; the corporation is a Subchapter S corporation under applicable provisions of the

Internal Revenue Code. Defendant owns a number of other assets, largely in the form of investments, in addition to Hertz Manufacturing.

From net assets of all sorts totaling $372,959, plaintiff is to receive, under the terms of the judgment, $172,928, and defendant will receive $200,031. The trial court also ordered alimony of $850 per month and child support for the minor child of $300 per month.

1. Defendant argues on appeal that the trial court erred in its valuation of certain assets of the parties. Assigning a specific value to an asset is a finding of fact; disputes as to asset valuation are to be addressed to the trier of fact, and conflicts are to be resolved in that court. Loth v. Loth, 227 Minn. 387, 35 N. W. 2d 542 (1949); Baker v. Baker, 224 Minn. 117, 28 N. W. 2d 164 (1947). Such findings of fact, when made without a jury, shall not be set aside unless clearly erroneous on the record as a whole. Rule 52.01, Rules of Civil Procedure; In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

Furthermore, valuation is necessarily an approximation in many cases, and it is only necessary that the value arrived at lies within a reasonable range of figures. Thus, the market valuation determined by the trier of fact should be sustained if it falls within the limits of credible estimates made by competent witnesses even if it does not coincide exactly with the estimate of any one of them. Lacey v. Duluth, M. & I. R. Ry. Co. 236 Minn. 104, 51 N. W. 2d 831 (1952); Standard Const. Co. Inc. v. National Tea Co. 240 Minn. 422, 62 N. W. 2d 201 (1953); Hamm v. Commr. of Int. Rev. 325 F. 2d 934 (8 Cir. 1963), certiorari denied, 377 U. S. 993, 84 S. Ct. 1920, 12 L. ed. 2d 1046 (1964).

We have reviewed the record and hold that, for each asset, the requisite degree of competent evidentiary support is present. We therefore affirm each of the contested findings of fact with respect to asset valuation.

2. The latest financial statements for defendant and Hertz Manufacturing introduced at trial were dated December 31,

1972. In defendant's post-trial motion, he requested a new trial so that additional testimony could be taken regarding the 1973 figures. The trial court denied defendant's motion.

The matter of granting a new trial on the ground of newly discovered evidence is very largely addressed to the discretion of the trial court. The inquiry of the appellate court should not be whether a new trial might properly have been granted, but whether the refusal of it involved the violation of a clear legal right or a manifest abuse of judicial discretion. Skog v. Pomush, 219 Minn. 322, 17 N. W. 2d 641 (1945); Austin v. Rosecke, 240 Minn. 321, 61 N. W. 2d 240 (1953); Wurdemann v. Hjelm, 257 Minn. 450, 102 N. W. 2d 811, certiorari denied, 364 U. S. 894, 81 S. Ct. 222, 5 L. ed. 2d 187 (1960). Furthermore, a new trial is not to be granted on the basis of newly discovered evidence where the evidence is merely cumulative, unless the cumulative evidence makes it clear that a grave injustice has been done. Manahan v. Jacobson, 226 Minn. 505, 33 N. W. 2d 606 (1948); Leuba v. Bailey, 251 Minn. 193, 88 N. W. 2d 73 (1957).

No such injustice has occurred in the case at bar. At trial, in addition to the 1972 records, plaintiff introduced Hertz Manufacturing's sales figures and other financial data for the first 11 months of 1973. These included trial balances made each month by defendant's bookkeeper. Defendant had ample opportunity prior to trial to determine the net income of Hertz Manufacturing for the period ending November 30, 1973. At any rate, the 1973 tax returns did not provide a net profit figure grossly lower than that of 1972. As a result, the trial court did not abuse its discretion in denying a new trial motion based on this ground.

3. Lastly, defendant contends that the trial court's awards of alimony and property division were an abuse of its discretion. We have repeatedly held that issues of alimony and property division are to be addressed in the first instance to the trial court. The trial court's discretion in these matters is broad, and will be overturned only upon a clear showing that such discre-

tion has been abused. Albertson v. Albertson, 243 Minn. 212, 67 N. W. 2d 463 (1954); Kucera v. Kucera, 275 Minn. 252, 146 N. W. 2d 181 (1966); Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 148 (1970); Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. 2d 14 (1959).

In exercising its sound discretion, a court should consider the ages of the parties and the earning ability of each; the conduct of their marriage and its duration; the station they occupy in life; the circumstances and necessities of each; the probability of continuing present employment into the future, as well as the capacity and ability to obtain new employment under changing circumstances and needs; the financial circumstances of the parties as shown by the property acquired, together with its value and income-producing capacity; the manner by which such property was acquired, and the persons supplying the consideration therefor; the accumulated debts and liabilities if any; and all facts with respect to whether the property of the parties has been accumulated before or after marriage. The court may also consider all other matters disclosed by the evidence. Ruprecht v. Ruprecht, *supra.*

We have carefully reviewed the evidence bearing upon these considerations, and there is no basis upon which it can be said that the trial court acted in abuse of its broad discretion.

Defendant also argues that the trial court erred in considering the entire net income of Hertz Manufacturing as income of defendant for purposes of granting alimony. Defendant alleges that the trial court failed to make allowances for a necessary retention of capital for business purposes.

A closely held Subchapter S corporation, such as Hertz Manufacturing, bears characteristics of both a corporation and a proprietorship. As with a proprietorship, defendant is legally entitled to withdraw excess funds from the business to the extent that he deems necessary or proper. Also as with a proprietorship, it may well be that it will become necessary to retain a share of future net income for business capital purposes. A trial court

should, therefore, take this factor into consideration in determining the amount of income that could reasonably be available to defendant in future years. In this case, however, defendant offered no evidence at trial to demonstrate what future retention of funds might be necessary. As a result, we affirm the decision of the court below.

Affirmed.