In re the Marriage of Evelyn B. LAMMI, petitioner, Respondent,

v.

Ronald Duane LAMMI, Appellant.

No. C0-83-1390.

Court of Appeals of Minnesota.

May 15, 1984.

Warren M. Horner, Minneapolis, for appellant.

Patricia A. O'Gorman, Cottage Grove, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

Ronald Lammi appeals from the portion of the dissolution decree dividing the parties' property. Evelyn Lammi filed a notice of review of the denial of spousal maintenance and attorney's fees to her. We affirm.

## FACTS

The parties were married on May 16, 1975. No children were born of the marriage. Dissolution proceedings were commenced on June 30, 1982. A temporary order entered July 30, 1982 gave the wife use of the home, and awarded her $450 in temporary maintenance and $300 in temporary attorney's fees.

Trial was held on April 29, 1983. The wife presented testimony on the value of the parties' homestead. The home was listed for sale then at $87,900. However, the realtor who listed the home placed its fair market value at $81,000. He stated that the listing price was higher to allow room for negotiation. The husband testified that he believed it was worth $90,000.

After the trial, the wife received an offer to purchase the home for $86,000. Her counsel disclosed this offer to the husband's counsel by letter dated May 14,

1983. The offer was made on May 9, followed by a sales agreement executed on May 12. This agreement conditioned the sale on approval by the husband or the trial court by June 10, 1983. The wife moved the court to compel husband's signature. The affidavit attached to the motion indicated the sale price of $86,000. No action was taken on the motion at the June 7 hearing because there was no appearance by the husband, although he was aware of the motion. The sales agreement expired without the requisite approval.

The trial court found the fair market value of the house was $81,000, subject to a mortgage encumbrance of approximately $48,000.

Both parties had been employed with the Kaplan Paper Box Company, but had limited incomes at the time of trial. The trial court found that the wife received a disability pension in the amount of $119 per month, which commenced in December, 1982, and continued for five years. She also received $186 per week in worker's compensation benefits. Another worker's compensation benefit awarded shortly before trial gave the wife a lump sum settlement of $17,089. She was training as a cashier/switchboard operator at the St. Paul Rehabilitation Center, earning seventy cents per hour, four hours per day, five days per week.

The husband received worker's compensation benefits of $248 per week due to injury, and did not know when he would return to work. Normally he earned $10.10 per hour with a forty-hour work week.

The trial court also found that the husband's indebtedness totalled approximately $25,000, primarily connected with his trucking business. The wife's indebtedness totalled approximately $1,150. Included in husband's debts was a judgment against him for $1,160 by Montgomery Wards. Part of this bill covered the purchase of a garden tractor. There was no evidence as to what portion was directly attributable to the tractor. The wife maintained a separate Montgomery Wards account and was not named on the husband's account or the judgment.

In the Judgment and Decree, the trial court awarded the homestead to the wife, subject to any encumbrances. She also received the garden tractor, while the husband remained obligated on his Montgomery Wards judgment. The court denied permanent spousal maintenance and attorney's fees to both parties.

## ISSUES

1. Whether it was within the trial court's discretion to value the homestead at $81,000 when a sales agreement existed for $86,000.

2. Whether it was within the trial court's discretion to award personal property to the wife and require the husband to pay the corresponding debt.

3. Whether it was proper for the trial court to deny permanent spousal maintenance to the wife.

4. Whether it was proper for the trial court to deny attorney's fees to the wife.

## ANALYSIS

■ 1. A trial court has broad discretion in property settlements. *Bogen v. Bogen*, 261 N.W.2d 606 (Minn.1977). An appellate court will not overturn the trial court's valuation of assets unless they are clearly erroneous. Minn.R.Civ.P. 52.-01(1984); *Hertz v. Hertz*, 304 Minn. 144, 229 N.W.2d 42 (1975). "(T)he market valuation determined by the trier of fact should be sustained if it falls within the limits of credible estimates made by competent witnesses ..." *Id.* at 145, 229 N.W.2d at 44.

The evidence before the trial court regarding the homestead's fair market value included the realtor's opinion of $81,000, a sales agreement at $86,000, and the husband's opinion of $90,000. Despite the fact that the sales agreement was not properly presented to the court as evidence during trial and is not mentioned by the trial court in its findings, neither party raises that issue on appeal.

■ The husband now argues that the proper value should be $86,000. However, the sales agreement was subject to three contingencies: successful closing on the buyer's home, obtaining school district permission to send children to a specific school, and approval by the husband or trial court. The trial court chose to rely on the realtor's opinion. This was competent and credible evidence on which the trial court could base its assessment.

■ The husband further argues that the wife failed to disclose the homestead sales agreement to the court in her proposed findings of fact, justifying an adverse inference that the home should be valued at $86,000. There is a duty to fully and accurately disclose all assets and liabilities until formal entry of a decree. *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764 (Minn.1983). The wife did disclose the sales agreement through her motion to compel husband's signature on that document. Once the motion was filed, it was part of the record. The husband's own brief indicates that his counsel spoke with the trial judge about the motion and the sales price. All of this occurred over one month before the trial court issued its findings.

2. The husband challenges the award of the garden tractor to wife while he remains liable on the debt for its purchase. This court recently considered apportionment of debts as marital property in *Filkins v. Filkins*, 347 N.W.2d 526 (Minn.Ct.App.1984). We determined debts are apportionable under Minnesota's statute. In *Filkins*, it appeared that the husband was assigned an inordinate amount of debt. However, most of the debts were incurred by the husband for his own purposes.

■ The specific debt complained of here is the Montgomery Wards judgment against the husband. The wife is not and cannot be made liable on the judgment. Given the underlying reasons for and status of the debt, it is not inequitable to assign the debt to the husband.

■ 3. Awards of spousal maintenance are governed by Minn.Stat. § 518.552 (Supp.1983). A maintenance order is proper if the court finds the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs, and is unable to adequately support herself. Minn.Stat. § 518.552, subd. 1 (Supp.1983). The court is required to consider the factors outlined in Minn.Stat. § 518.552, subd. 2 (Supp.1983).

■ At the time of trial, both parties received approximately the same income. The husband received $1,066 per month, with a potential increase to $1,892 per month when he returned to work. The wife received income of $979 per month. She expected a worker's compensation benefit of $17,089. The husband had indebtedness of approximately $25,000. The wife had few debts. She was awarded the parties' primary asset, the homestead.

While the wife does have a 30% partial permanent disability of her back and upper left extremity, she was in training for a new job within her abilities, and received worker's compensation. An increase in income was probable when she completed her training. She had supported herself before the parties' relatively brief marriage. Considering the factors listed in Minn.Stat. § 518.552, subd. 2, we cannot find that the trial court abused its discretion in determining that an award of permanent maintenance for the wife was inappropriate.

■ 4. Allowance of attorney's fees is within the discretion of the court. Minn. Stat. § 518.14 (Supp.1983). Again, the standard of review requires a finding of a clear abuse of discretion. *Lappi v. Lappi*, 294 N.W.2d 312 (Minn.1980). We find no such abuse. The husband paid the wife $300 in temporary attorney's fees. Both parties are similarly able to pay their remaining attorney's fees. Such mutual responsibility creates no great imbalance in their respective financial situations.

### DECISION

It was within the trial court's discretion to value the homestead at $81,000 based on

the realtor's testimony; to award the tractor to the wife and retain the husband's liability on the debt; and to deny permanent spousal maintenance and attorney's fees to the wife.

Affirmed.