**In re the Marriage of Bonnie M. QUADE, Petitioner, Respondent,**

v.

**David L. QUADE, Appellant.**

**No. C5-84-1251.**

Court of Appeals of Minnesota.

May 7, 1985.

Review Denied July 11, 1985.

Bonnie M. Quade, pro se.

Jerrold M. Hartke, South St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant David Quade disputes the property division ordered by the trial court in this dissolution action. He also disputes the order awarding attorney's fees to respondent Bonnie Quade. We affirm.

## FACTS

This dissolution proceeding commenced in March 1983. Trial commenced on November 21, 1983 and was completed on December 2, 1983. Additional testimony was taken from a court-appointed expert in April 1984 concerning the value of the liabilities of the companies owned by David.

On April 17, 1984, the court issued its first Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree. The court's memorandum was incorporated into the judgment. On May 8, 1984, David moved the court for amended findings or a new trial. On May 14, 1984, the court amended the judgment and corrected that amendment on July 13.

During the course of the trial, the valuation of two of the parties' assets, Quade & Sons Refrigeration and Frostland Supply, Inc., was contested.

Pursuant to the amended judgment and decree, the net equity of the parties was found to be $903,743. Under the terms of the property settlement, Bonnie was awarded $450,000, payable as follows:

Fifty Thousand Dollars ($50,000) within ninety (90) days of the entry of the Judgment and Decree and Four Hundred Thousand Dollars ($400,000) to be paid in annual installments of One Hundred Thousand Dollars ($100,000), accruing ten percent (10%) interest per annum from June 1, 1984.

David appeals from the amended judgment dated July 13, 1984. He disputes the valuation of the property for property distribution and contests the award of attorney's fees to Bonnie.

■ Bonnie has not responded to this appeal and, pursuant to Rule 142.03 of the Minnesota Rules of Civil Appellate Procedure, the appeal is determined on its merits based on the record and the brief of appellant.

## ISSUES

1. Was the trial court in error in valuing the assets of the parties?

2. Did the trial court err when it awarded $35,000 to wife as attorney's fees?

## ANALYSIS

1. Property Valuation.

The trial court is accorded broad discretion in dividing property, and its decision will not be overturned on appeal except for a clear abuse of discretion. *Stevens v. Stevens*, 300 N.W.2d 1 (Minn.1980). On appeal from a property settlement in a dissolution case, the appellant has the burden of showing that the trial court abused its discretion in granting an award. *Swanson v. Swanson*, 233 Minn. 354, 362, 46 N.W.2d 878, 883 (1951).

■ Unless they are clearly erroneous, the trial court's findings on the value of assets will not be disturbed. *See* Minn.R. Civ.P. 52.01. A trial court need not be exact in the valuation of assets in a dissolution proceeding. It is only necessary that the value arrived at lies within a reasonable range of figures. *Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn.1979); *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975). The market valuation determined by the trier of fact should be sustained if it falls within the limits of credible estimates made by competent witnesses even if it does not coincide exactly with the estimate of any one of them. *Id.* at 145, 229 N.W.2d at 44.

In its findings of April 17, 1984, the trial court found the value of Quade & Sons Refrigeration to be the appraised value of the real estate ($305,000) plus the value of the non-real estate assets ($104,000), totaling $409,000. In its order for amended findings, the court reduced the value of the non-real property to $36,445 and changed the real estate value to $305,725; the total value of the assets was reduced to $342,-170. David argues that the court erred when it did not determine the value of the assets to be the "book value of $250,000."

■ The court made a determination of the value of the property after weighing the appraisal reports and CPA testimony which were presented by both parties. The court found a value lower than the value that Bonnie's appraiser and CPA suggested, but higher than the value that David sought. It is within its discretion to weigh the evidence and assign a value to the property. The value assigned to the Quade & Sons property by the trial court was within the limits of the estimates made by the witnesses and is affirmed.

David also cites as error the valuation of Frostland Supply. He argues that a contract, one of the assets of the business, was incorrectly valued.

Here, the court also assigned a value to the asset that was within the limits of the amounts estimated by the witnesses for both parties. This valuation is not reversed on appeal.

2. Attorney's Fees.

The trial court awarded attorney's fees to Bonnie pursuant to Minn.Stat. § 518.14 (1984) which permits the trial court to require one party to:

> pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding, and to pay attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement or after entry of judgment.

Minn.Stat. § 518.14.

■ The amount to be allowed a party's attorney "rests largely in the discretion of the trial court and normally will not be disturbed unless there is a clear abuse of discretion." *Borchert v. Borchert*, 279 Minn. 16, 21, 154 N.W.2d 902, 906 (1967).

■ Given David's dilatory tactics in this case, his attempts to hide assets, his non-cooperation with the court and counsel, as well as the court's consideration of the financial resources of the parties, and the amount of attorney's fees proved up at trial, the amount of attorney's fees awarded by the trial court to Bonnie was within its discretion.

### DECISION

The valuation of the business property and the award of attorney's fees by the trial court were within the discretion of the trial court and are not disturbed on appeal.

Affirmed.