In re the Marriage of: Thomas F. CATANIA, petitioner, Respondent,

v.

Audrey D. CATANIA, Appellant.

No. C3–85–1520.

Court of Appeals of Minnesota.

April 8, 1986.

A. Larry Katz and Brian L. Sobol, Katz, Lange, Davis & Marka, Ltd., Minneapolis, for respondent.

Daniel J. Goldberg, Moss & Barnett, P.A., Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FOLEY, and NIERENGARTEN, J.

## OPINION

FOLEY, Judge.

Audrey D. Catania appeals from a May 5, 1985 dissolution decree, asserting that the trial court erred in granting her only six years of spousal maintenance without reserving the issue. Thomas F. Catania filed a notice of review, claiming that the trial court erred in denying his motion for amended findings because it had improperly valued his benefit plans. We affirm.

## FACTS

Appellant Audrey D. Catania was 51 years and respondent Thomas F. Catania was 52 years at the time the decree dissolving their 32-year marriage was entered. Appellant, a high school graduate, was employed as a clerk before the birth of the parties' first child. For the next 31 years she contributed to the parties' marriage as a mother and homemaker, raising the parties' five children—all of whom are now emancipated.

Respondent is employed as a vice president of the Thermo King Corporation, a division of Westinghouse Electric Corporation. The trial court found his 1984 income to be $81,950. Respondent has also traditionally received an annual bonus from his employer. In 1984 he placed 50% of his bonus, $4,219, and $6,211 of his salary into a deferred compensation plan. The trial court valued this plan at $11,000.

Respondent has a vested interest in the Thermo King pension plan which would have entitled him to a retirement income of $1,160.13 per month if he had terminated his employment at the time of trial. Appellant's expert, Paul R. Windmuller, testified that the present value of this pension was $29,064. The trial court adopted this opinion.

## ISSUES

1. Did the trial court abuse its discretion by failing to reserve jurisdiction over maintenance in order to review appellant's situation after the termination of the temporary maintenance?

2. Did the trial court abuse its discretion in dividing the parties' assets because it erred in valuing respondent's pension

plan and because it failed to consider certain tax consequences?

## ANALYSIS

### 1. Reservation of Maintenance

The trial court awarded appellant $1,400 per month spousal maintenance for six years. Appellant asserts that the trial court abused its discretion by not retaining jurisdiction over maintenance at the end of that period so as to determine the success of her rehabilitation plans. Appellant claims that she fits within the description of one entitled to retention of jurisdiction over maintenance because she is "an older, dependent spouse in a lengthy 'traditional' marriage, where rehabilitation maintenance is used and the contemplated success of the rehabilitation plans is not clear from the record * * *." *McClelland v. McClelland,* 359 N.W.2d 7, 10 (Minn.1984).

■ Appellant has been a traditional homemaker and mother, foregoing her own education and a remunerative career to support her husband and children in their endeavors. After a 31-year absence from the job market, she enrolled in a one-year word processing training program. Appellant testified that the vocational school estimated a placement rate of 80% and a starting salary of $940 per month. She also testified that she did not know if she was capable of completing the course since she had not been in school since the age of 18, and that she did not know if she had the stamina to work a full-time job. Appellant argues that her employability has been permanently diminished as a result of this marriage and the likelihood of her attaining complete self-sufficiency is uncertain at this time.

As we recently stated in *Wibbens v. Wibbens,* 379 N.W.2d 225 (Minn.Ct.App.1985):

Since the trial court here awarded temporary maintenance, no reservation of the issue was required. A court may modify an award of maintenance, whether temporary or permanent, before its expiration. Minn.Stat. § 518.64, subd. 1 (1984). A jurisdictional problem would not arise in this case until June, 1987. [Appellant] could bring a motion to reserve maintenance at that time, before the maintenance obligation ceased, if there were still a question about her physical condition.

*Id.* at 226–27. Appellant's situation will be less uncertain near the termination of the temporary maintenance. At any time before maintenance terminates, the trial court may address the issue of whether a continuation of maintenance is appropriate under the circumstances, or whether appellant has become or ever will become self-sufficient. A review of the duration of the maintenance award is thus premature under these facts.

### 2. Division of Property

Respondent filed a notice of review, claiming that the trial court erred in valuing his pension plan using a 10% discount factor and that it erred by failing to account for the tax consequences of an intended withdrawal from his deferred compensation plan after trial. Overall, respondent claims that the trial court failed to equally divide the marital property.

■ The trial court must resolve disputes as to asset valuation and its findings shall not be set aside unless they are clearly erroneous. *Hertz v. Hertz,* 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975). Here, appellant presented the only expert evidence on the value of respondent's pension plan. Respondent sought to discredit this valuation by cross-examining Windmuller on his selection of 10% as the appropriate discount factor. The trial court adopted Windmuller's valuation, finding it to be fair and reasonable. Its finding is not clearly erroneous.

Respondent admits that no testimony on the potential tax liability of deferred compensation withdrawals was presented to the trial court. Respondent, however, asserts that the trial court could determine the liability by inferring the proper tax rate from respondent's testimony. We disagree. "[T]he law precludes any consideration [of tax consequences] where the court

must speculate because the evidence is lacking or nonspecific." *O'Brien v. O'Brien*, 343 N.W.2d 850, 854 (Minn.1984).

 Even if the trial court had erred, we would affirm the marital property division here because of the trial court's broad discretion. *See Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981). If we use respondent's figures for the pension value and tax consequences, appellant receives 53% of the marital property and respondent receives 47%. There is no evidence that the trial court abused its broad discretion in effecting a just and equitable property division. *See Bollenbach v. Bollenbach*, 285 Minn. 418, 426, 175 N.W.2d 148, 154 (1970).

### DECISION

1. Since the trial court retains jurisdiction over maintenance for several years, it has the discretion to continue maintenance beyond the original term if appellant's rehabilitation plans are unsuccessful. It would be premature for this court to now review the duration of the maintenance award.

2. The trial court's valuation of respondent's pension plan is not clearly erroneous and the trial court did not abuse its discretion in dividing the marital estate or in refusing to consider the tax consequences of respondent's proposed withdrawal from his deferred compensation plan.

Affirmed.