**In re the Marriage of Francine Fay ROTH, Petitioner, Appellant,**

**v.**

**Lars Lyle ROTH, Respondent.**

**No. C1–86–1560.**

Court of Appeals of Minnesota.

May 26, 1987.

Louis M. Reidenberg and Michael Ormond, Reidenberg & Ormond, Minneapolis, for appellant.

Nicholas J. Zuber, Nicholas J. Zuber, Ltd., Duluth, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

Francine Roth appeals the trial court's determination of spousal maintenance and child support, claiming the amounts are based on an unreasonably low estimation of Lars Roth's net annual income; she also claims the trial court abused its discretion by awarding insufficient attorney's fees and by failing to impose a goodwill value on a chiropractic business. We affirm in part, reverse in part and remand for further findings.

## FACTS

Francine and Lars Roth were married in 1967. They have four children, all of whom were minors when the marriage was dissolved in 1986.

Lars Roth is a licensed chiropractor. He began practicing in 1972 and currently owns a business incorporated as Roth Chiropractic Clinic, Ltd. He is the sole stockholder and employs one person, a receptionist/bookkeeper. His reported gross income was $27,100 in 1981; $33,500 in 1982; $47,900 in 1983; and $35,200 in 1984.

Francine Roth worked at various clerical jobs before marriage. After the marriage, she worked primarily as a mother and homemaker, but was also employed part-time as a bookkeeper at her husband's clinic. She suspended this employment for a short time to attend college, but returned full-time at the clinic until June 1983. At that time she had full responsibility for all of the clinic's bookwork.

In December 1984 the trial court issued a temporary order allowing Francine Roth temporary occupancy of the Roths' larger, primary homestead and temporary physical custody of the children. Lars Roth moved into a former homestead which had been retained as rental property. The court ordered joint legal custody of the children and ordered Lars Roth to pay $1,077 per month temporary child support and $900 per month temporary maintenance.

At the final dissolution hearing Francine Roth presented evidence that Lars Roth channeled a substantial amount of personal expenditures through his chiropractic corporation and that his personal income was significantly more than the reported $30,000 figure. She claimed his actual net income was $125,000 during 1985.

The court found Lars Roth's 1985 net income was approximately $39,000, or $3,250 per month. This total was based on a net salary of $28,600, $1,125 of personal expenses paid by the corporation, and $9,200 for the depreciation on the corporate airplane.

The trial court assessed child support of $1,268 per month and maintenance of $900

per month from the determined net income. Francine Roth also received the smaller rental home, two of the family's cars, various personalty and a property settlement in the amount of $15,932. Lars Roth received all of the parties' interest in Roth Chiropractic Clinic, Ltd., 40 acres of raw land adjacent to their primary homestead and the primary homestead. He was also ordered to pay $5,000 for his wife's attorney's fees.

Francine Roth appeals from the determination of Lars Roth's net income, the denial of a goodwill value for the corporation and the amounts for maintenance, child support and attorney's fees. Lars Roth filed a notice of review on the issues of child support, maintenance and attorney's fees.

## ISSUES

1. Are the trial court's determinations of income, child support and maintenance supported by the evidence?

2. Did the trial court err when it failed to attribute any goodwill value to the chiropractic business?

3. Did the trial court abuse its discretion in awarding appellant $5,000 in attorney's fees?

## ANALYSIS

### I

Determining Lars Roth's income as a self-employed chiropractor is substantially complicated by the Roths' practice of paying personal expenses from the professional corporation. The trial court found a 1985 annual income of $39,000, which exceeds the admitted earnings and is roughly consistent with reported income in prior years. However, the evidence discloses additional income which was not considered in the court's calculation.

■ First, the court failed to include corporate profits as income. Lars Roth is the sole officer and shareholder of Roth Chiropractic, Ltd., a closely held, subchapter S corporation, and the practice is his sole source of income. The corporation reported $8,738 in net income for the 1984–85 tax

year, and that income, less sums for business capital purposes, should have been imputed to Lars Roth. *Isanti County v. Formhals*, 358 N.W.2d 703, 707 (Minn.Ct. App.1984) (citing *Hertz v. Hertz*, 304 Minn. 144, 147–48, 229 N.W.2d 42, 45 (1975)).

■ Second, the trial court clearly undervalued the amount of personal expenses Lars Roth charged to the corporation. The trial court's figures include only $1,125 as personal expenses paid by the corporation. This finding is not supported by the record. Lars Roth admitted at trial that he charged a variety of personal expenses to the corporation, including groceries, liquor, clothing, utilities, rent and telephone on his personal residence, and attorney's fees for services unrelated to his practice.

Although the exact amount of most of these charges was not determined, they are determinable and would clearly exceed the amount of personal expenses found by the trial court. Lars Roth deducted approximately $1,500 in attorney's fees for services rendered in a matter completely unrelated to his chiropractic practice. He admitted the payment was not a properly deductible business expense. These charges alone exceed the amount of personal expenses found by the trial court.

Third, the trial court failed to acknowledge personal expenses for Lars Roth's non-business use of the corporate airplane. Even accepting Lars Roth's testimony that only ten percent of the airplane's use was personal, the monthly expense is $160, or $1,920 per year. This amount should have been allocated as income to Lars Roth.

The court's failure to include corporate profits in Lars Roth's income, coupled with the inadequate findings on the amount of personal expenses charged through the corporation, requires reversal and a remand to the trial court for further findings on income.

Based on its determination of Lars Roth's income, the trial court awarded Francine Roth $1,268 per month child support and $900 per month spousal maintenance. In light of our remand for purposes of redetermining income, the maintenance and child support awards must be

recalculated based on those further findings.

## II

■ The trial court found no goodwill value for Roth Chiropractic, Ltd. Goodwill value is a transferable property right which is generally defined as the amount a willing buyer would pay for a going concern above the book value of the assets. *See Haugen v. Sundseth*, 106 Minn. 129, 132–33, 118 N.W. 666, 667 (1908).

■ Each party provided expert testimony on the issue. If expert witnesses give conflicting opinions on the valuation of assets which have a reasonable basis in fact, it is for the trier of fact to decide, and the decision will not be overturned on appeal unless clearly erroneous. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975); *Ferguson v. Ferguson*, 357 N.W.2d 104, 107 (Minn.Ct.App.1984). Francine Roth's expert admitted the corporation would have a goodwill value only if Lars Roth assisted in a transition after a sale. He further admitted that there was no highly accurate way of determining the dollar value of the corporation's goodwill because it varies depending on the personality of the buyer and his or her ability to work with established patients of the practice.

■ The trial court concluded it would be "entirely speculative" to assign a goodwill value to the business. We cannot say the trial court's finding was clearly erroneous.

## III

■ The trial court ordered Lars Roth to pay $5,000 of Francine Roth's attorney's fees. The award of attorney's fees rests almost entirely within the trial court's discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 51 (Minn.1984). Although Francine Roth still owes a substantial amount of attorney's fees and may, unfortunately, incur additional fees pending final resolution of this matter, we find the trial court's award of attorney's fees was not an abuse of discretion.

## DECISION

The record as a whole does not support the trial court's evaluation of Lars Roth's income. We reverse that determination and the spousal maintenance and child support awards derived from that determination and remand for further findings on income consistent with the record and for new evidence, if necessary.

Affirmed in part, reversed in part and remanded.