In re the Marriage of Helene Ann
LETSCH, petitioner, Respondent,

v.

Richard James LETSCH, Sr., Appellant.

No. C3–86–1642.

Court of Appeals of Minnesota.

July 7, 1987.

John H. Erickson, Erickson, Casey, Erickson & Charpentier, Brainerd, for respondent.

Marianne M. Milloy, Milloy & Graham, Brainerd, for appellant.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY, JJ.*

## OPINION

MULALLY, Judge.

This appeal is from an order denying appellant's alternative motion for amended findings or a new trial in a dissolution action. We affirm.

## FACTS

The 25-year marriage of the parties was dissolved on July 7, 1986. Prior to the dissolution, there were two extended separations. At the time of trial, both parties were 46 years old, and all three children of the marriage were adults.

Both parties were employed throughout the marriage, except for approximately five years when respondent stayed home to care for the children. Respondent was employed as a nurse, and appellant as a tool and die maker until 1970 when the parties purchased a resort. Appellant then worked full-time at the resort. Respondent worked full-time at the resort in addition to working full-time as a nurse. In 1977, the parties sold the resort on a contract for deed and purchased a homestead in Brainerd, Minnesota with the monthly contract payments.

Respondent currently has a net monthly income of $988.00 from her employment as a nurse with the County of Crow Wing. She receives an additional $50.00 per month from Dean Witter investment income. She is presently taking post-graduate courses in nursing at the College of St. Scholastica's night school program.

Appellant is a machinist and a tool and die maker. He works for his own tool and die business, located in the homestead garage. Appellant's income varies, but his billable shop rate hours indicate a gross monthly income of approximately $2,500.00.

The parties hotly contested the valuation and distribution of marital property. Marital property included: a homestead which the trial court valued at $18,500 ($53,000.00 fair market value less $34,358 mortgage); a contract for deed from the sale of the resort, which had a present value of $28,200.00; a trust account of $7,838.00, representing escrowed payments on the contract for deed and 1984 income tax refunds deposited by respondent of $2,040.00 from her earned income for 1984; and the tool and die business, which the trial court found had a value of $20,000.00.

In its division of marital property, the trial court awarded respondent personalty of $10,600; the homestead, 75% interest in the contract for deed ($21,000.00); and 75% of the trust account ($5,800.00); for a total of $56,000.00.

The court awarded appellant personalty of $16,300.00; the tool and die business; 25% of the contract for deed ($7,000.00); 25% of the trust account ($2,100); and his IRA and insurance cash values ($6,700), totaling $52,100.00.

The court also awarded respondent Dean Witter securities, credit union savings and IRA accounts in her name, a life insurance policy and her public employee retirement benefits, totaling $14,700.00. No maintenance was awarded. Neither party was awarded attorney's fees.

In awarding the homestead, the trial court found that respondent had sought to maintain the homestead in good condition, but that appellant had significantly contributed to the poor physical condition of the homestead. The court further found that appellant did not make any meaningful contribution to the payment of family expenses. In awarding respondent the securities, her IRA and PERA retirement, the court found that these investments were acquired, preserved, and appreciated exclusively as a result of respondent's efforts.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

The trial court noted that appellant hindered the court's process of evaluating and distributing the marital property by violating a court order in removing certain property from the homestead and selling it, failing to make a complete disclosure of assets and liabilities, and refusing to allow respondent's expert to complete an appraisal of the tool and die business.

The court denied appellant's motion for amended findings or a new trial, and this appeal was taken. Appellant claims that the trial court made findings regarding the contributions of the parties which were not supported by the evidence, erred in its distribution of marital property, and improperly considered marital fault when valuing and dividing the property.

## ISSUES

1. Does the evidence support the trial court's findings of fact regarding the contributions of both parties in the acquisition, preservation, and depreciation or appreciation of marital property?

2. Were the trial court's findings as to the valuation and subsequent division of marital property improperly influenced by a finding of marital fault?

3. Did the trial court abuse its discretion in awarding an unequal distribution of marital property?

## ANALYSIS

### Jurisdiction

Respondent Helene R. Letsch claims that this court does not have jurisdiction to hear this appeal, arguing that appellant Richard J. Letsch has not appealed from the amended judgment and is thus attempting to appeal from a non-appealable order or, alternatively, that appellant failed to set forth the grounds of error in his motion for a new trial. *See* Minn.R.Civ.App.P. 103.03; Minn.R.Civ.P. 59.01.

■ We reject this argument. The trial court inadvertently failed to include "order for judgment" language in the original order and decree of dissolution; accordingly, some confusion arose as to the entry of judgment. Even if appellant did not appeal from the judgment, he properly appealed from the order denying the motion for a new trial, since, at the hearing, he delineated the grounds upon which his motion was based. Minn.R.Civ.P. 59.02. *See Skeim v. Independent School District No. 115*, 305 Minn. 464, 466 n. 1, 234 N.W.2d 806, 809 n. 1 (1975) (although appeal from order for judgment is technically deficient, appellant properly appealed from order denying alternative motion for amended findings or new trial). Thus, this appeal is properly before us.

### A. Findings of Fact

■ Appellant claims that the trial court's findings regarding the contributions of each party to the household and to household expenses are without substantial evidentiary support and, hence, are clearly erroneous. *See, e.g., Brink v. Brink*, 396 N.W.2d 95, 97 (Minn.Ct.App.1986). Appellant challenges the finding that respondent sought to maintain the homestead in good condition. He does not dispute that respondent made certain repairs to the homestead, however, he identifies a number of neglected repairs. The evidence presented at trial showed that respondent made miscellaneous repairs, including repairing the furnace and painting an exterior deck. Further, despite her limited finances, respondent made all mortgage, tax, and insurance payments during the year before trial, without the use of monies from the contract for deed, which the parties had intended to use for such expenses. We conclude that this finding is supported by the evidence.

■ Appellant also argues that the court erred in finding that he had contributed significantly to the poor physical condition of the homestead, thereby depreciating its value. Testimony at trial revealed that appellant had urinated on the bedroom carpet, cut a hole in the bedroom door with a chain saw and repeatedly tracked through the house to and from his shop in the garage in greasy work boots. Further, appellant not only refused to help maintain or repair the house, but threatened respon-

dent when she sought to make repairs. Appellant does not contest the truth of the court's findings, but points to other defects in the house which he claims were unrelated to his actions. We hold that this finding is not clearly erroneous.

Appellant also claims that the trial court erred in finding that he made no significant contribution to the payment of family expenses, except for the cost of wood to heat the home and truck insurance. Conflicting evidence was presented as to these expenses. The court resolved this issue in favor of respondent. This finding was well within the bounds of the court's discretion.

Appellant lastly argues that the trial court erred in finding that certain investments had been acquired, preserved, and appreciated exclusively as a result of respondent's efforts. Respondent presented evidence to show that her Dean Witter and high yield securities, IRA and PERA retirement funds were acquired as a result of her employment and when the parties were separated. Appellant did not present evidence to refute these assertions. Again, we find no abuse of discretion with regard to this finding.

### B. Valuation and Division of Marital Property

Appellant disputes both the trial court's valuation and division of marital property. He claims that the court erred by: basing the division of marital property on a finding of marital fault; accepting respondent's appraisal of the homestead property; and awarding an unequal distribution of marital property.

### I.

■ Appellant claims that the trial court was prejudiced by its finding that he was an alcoholic and, thus, improperly based its division of property on fault. *See Stassen v. Stassen*, 351 N.W.2d 20, 24 (Minn.Ct. App.1984) (noting that "fault" includes a finding that one spouse was a habitual consumer of alcoholic beverages). We find no merit to this contention. Although the trial court's 34–page memorandum contained a reference to appellant's admitted alcohol dependency problem, the court expressly recognized its duty to disregard marital misconduct, and focused its division of property upon an analysis of the applicable statutory factors.

### II.

Appellant contends that the court erred in accepting respondent's appraisal of the homestead property. Trial courts are accorded broad discretion in the valuation of assets. *Haasken v. Haasken*, 396 N.W.2d 253, 259 (Minn.Ct.App.1986). The valuation should, however, be "supported by either clear documentary or testimonial evidence or by comprehensive findings issued by the court." *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn.1983). This court will not overturn the trial court's valuation of assets unless they are clearly erroneous. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975); Minn.R. Civ.P. 52.01. The market valuation determined by the trier of fact should be sustained if it falls within the limits of credible estimates made by competent witnesses. *Hertz*, 304 Minn. at 145, 229 N.W.2d at 44.

■ Both parties presented expert testimony on the valuation of the homestead. Respondent's expert appraised the homestead at $53,000.00. Appellant's expert appraised the property at $70,500.00. The court adopted the lesser figure. In doing so, the court noted a number of factors, including: the extremely poor physical condition of the home, especially its interior; the less than desirable location of the home, the simplicity of the home structure; the poor design and space arrangements of the home; the respective experience of, and time spent by each expert in appraising the household. Respondent's expert spent three hours examining the homestead, in contrast to 20 minutes spent by appellant's expert.

By merely accepting one of two proffered appraisals, the trial court cannot be said to have erred. *Maher v. Maher*, 393 N.W.2d 190, 193 (Minn.Ct.App.1986); *Kostelnik v. Kostelnik*, 367 N.W.2d 665, 669 (Minn.Ct.App.1985).

### III.

Appellant next claims that because the parties had a long-term marriage, the court abused its discretion by not making an equal division of the property. Under Minn.Stat. § 518.58, the court must make "a just and equitable division of the marital property of the parties without regard to marital misconduct." The court must base its findings supporting the division upon:

> all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.58 (1986).

The statute requires a just and equitable division, not necessarily an equal one. *Ruzic v. Ruzic*, 281 N.W.2d 502, 505 (Minn. 1979), *pet. for rev. denied* (Minn. July 26, 1985). Section 518.58 indicates a conclusive presumption that each spouse made a substantial contribution to the acquisition of income and property during the marriage. Once this conclusive presumption is applied, however, the trial court may determine that a fair division is not exactly one-half. *Kowalzek v. Kowalzek*, 360 N.W.2d 423, 427 (Minn.Ct.App.1985).

▪ Respondent was awarded a greater portion of certain marital assets; however, there was sufficient evidence before the trial court to conclude that an unequal division of marital property in this case was equitable. First, the court considered the parties' respective needs and employability. The division recognized the needs and priorities of each party and granted to each the assets that would be most beneficial, such as awarding the homestead to respondent and the tool and die business to appellant. *See Haasken*, 396 N.W.2d at 260. Second, the court noted that appellant was less than candid in revealing his assets, and had disposed of certain marital property: he received cash for work done in his business, but failed to report it for income tax purposes; he refused to allow respondent's expert to complete an appraisal of the tool and die business; and he improperly sold a truck, a lathe, and a cement mixer, worth at least $1,500.00. Third, the court pointed out that respondent had unilaterally expended funds to preserve the homestead by making insurance, tax, and mortgage payments of approximately $5,000.00. Finally, the property division was structured so that the parties do not have shared interests in various assets, noting the animosity between the parties and their difficulty in mutually resolving issues. *See Haasken*, 396 N.W.2d at 260.

Property decisions will be affirmed unless the trial court abuses its broad discretion and reaches a clearly erroneous conclusion that is against logic and the facts on the record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). We conclude that the court's division of property does not constitute an abuse of discretion.

### DECISION

The trial court did not err in its division of marital property. The court did not abuse its discretion in accepting an appraisal of the homestead's value. The court did not base its division of property on marital fault.

Affirmed.