**In re the Marriage of Evelyn A. NEMMERS, Petitioner, Respondent,**

v.

**Arvin D. NEMMERS, Appellant.**

No. C8–87–58.

Court of Appeals of Minnesota.

July 7, 1987.

226

Emmett D. Dowdal, White Bear Lake, for respondent.

Jack S. Jaycox, Robert W. Due, Bloomington, for appellant.

Considered and decided by POPOVICH, C.J., WOZNIAK and LESLIE, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This appeal arises from a dissolution action in which appellant Arvin Nemmers disputes the trial court's property division and valuation, in addition to the award of spousal maintenance and attorney's fees. We affirm in part, reverse in part, and remand.

## FACTS

Evelyn and Arvin Nemmers were married in 1966. Respondent Evelyn was 44 years of age and appellant Arvin 49 at the time of the dissolution. The parties have no minor children.

Evelyn has worked the last ten years as a licensed practical nurse with a present monthly net income of $1,147 and expenses equaling $1,600 per month. Evelyn has missed approximately two years of work over the last ten years because of work-related lower back injuries. Due to a recent hospital merger and her health problems, Evelyn's current employment position is tenuous. Her pension benefits are non-vested, but Arvin introduced evidence in which an expert calculated the present value of her nonvested benefits at $1,125.

Arvin is a 24-year employee of Ford Motor Company, earning approximately $2,100 net income per month with expenses found to be $1,000 per month. He is also licensed to buy and sell firearms and owns

a substantial number of guns, the value of which are the crux of this appeal. In 1964 and again in 1983, Arvin underwent open heart surgery which apparently has not significantly affected his employment. Arvin's pension benefits are vested and were included as marital property.

The trial court valued the parties' homestead, less encumbrances, at $71,250. Arvin disputes the amount of the mortgage on the property, claiming the home's equity was $76,845. Evelyn kept detailed records of the parties' assets, and Arvin allegedly maintained a list of his gun inventory. Following the separation in September 1985, a temporary restraining order was issued ordering the parties to refrain from selling, transferring, or encumbering their assets. However, the trial court found Arvin violated this order when he took three full truckloads of goods from their home. He took almost all the firearms, as well as stocks, bonds, cash, and other financial records. Evelyn contends Arvin also took the records they maintained on their assets and gun inventory.

Evelyn originally testified at her deposition that she was not involved in the gun business and was ignorant as to the number and value of the guns. At trial, however, she testified Arvin had accumulated 93 business guns and 34 personal guns. Although she was unsure of the guns' exact value, she listed $30,000 as a conservative estimate. She had difficulty verifying the exact number of guns since Arvin had taken and even sold some of the guns. Arvin, on the other hand, claimed there were only 34 guns. He produced insurance records itemizing the 34 guns and listing the total value at $9,140.

The trial court made specific findings and awarded Evelyn, among other property items, the parties' homestead and household goods, $292 per month maintenance until 1989, with a reservation for further continuance by the court, maintenance arrearages, and $2,000 in attorney's fees. Arvin was awarded the guns and gun business in addition to other stock and property. The court valued the gun business and inventory at $30,000 and Arvin's personal

property and personal guns at $12,000. Arvin claims these valuations are erroneous in view of the insurance records and because the court based the award on Evelyn's unfounded valuation.

The trial court divided Arvin's vested pension equally between the parties, but refused to recognize Evelyn's nonvested pension because her plan had indefinite and speculative marital value. The trial court's valuation and division of the marital property left 55% of the marital property to Evelyn and 45% to Arvin. Arvin contends, however, that the inflated value given the gun business, in addition to errors in valuing Evelyn's pension and the homestead, left Evelyn a 70% share of the marital property. Arvin thus appeals the trial court's property valuation, property division, award of spousal maintenance, and award of attorney's fees. Evelyn asks for additional attorney's fees.

## ISSUES

1. Did the trial court err in its division of property and valuation of assets?

2. Did the trial court err in awarding respondent $2,000 in attorney's fees?

## ANALYSIS

1. The standard of review regarding the valuation of marital property is as follows:

> Assigning a specific value to an asset is a finding of fact; disputes as to asset valuation are to be addressed to the trier of fact, and conflicts are to be resolved in that court. Such findings of fact, when made without a jury, shall not be set aside unless clearly erroneous on the record as a whole.

*Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975) (citations omitted). In many cases, valuation is an approximation and it is only necessary that the value arrived at lies within a reasonable range of figures. *Id.* If the trial court's determination of market value "falls within the limits of credible estimates made by competent witnesses," this court must sustain the determination. *Id.*

■ Arvin asserts that the value attributed the gun inventory and gun business is not a credible estimate supported by competent evidence. Although Evelyn testified that 34 personal guns, 93 business guns, and the business as a whole had a total value of $30,000, she claimed no knowledge of the guns' true value. The $30,000 figure merely was her own rough estimate, not based on an itemized inventory of the firearms or any other evidence. Further, the record indicates Evelyn never moved for a discovery order to assess the actual number and value of the guns. The only conclusive evidence is the insurance inventory listing 34 guns with a $9,140 value. We also find the trial court inconsistently valued the gun business at $30,000 and the personal property and personal guns at $12,000, when Evelyn claimed their value as a whole totaled only $30,000. Because of the limited evidence demonstrating value and the trial court's inconsistent valuation, we find the trial court's determination of value was erroneous.

We are sympathetic with the trial court and appreciate its frustration and anger at Arvin's behavior, lack of cooperation, and attempted concealment of assets. As explained above, however, on this record we must remand.

■ Secondly, Arvin disputes the trial court's finding that Evelyn's nonvested pension was a marital asset with no definite value. A nonvested pension is marital property subject to distribution in a dissolution action. *Janssen v. Janssen*, 331 N.W.2d 752, 754 (Minn.1983). At trial, testimony indicated Evelyn's accrued monthly pension benefit as of January 1985 was $71.75. An expert who calculated the present value of both parties' pensions set the present value of Evelyn's pension at $1,124.58. Although the court accepted similar calculations to arrive at the present value of Arvin's vested pension benefits, the valuation of Evelyn's nonvested benefits was not recognized. Although only a nominal portion of the marital property, since a remand is required, the court should assign a definite marital value to Evelyn's nonvested pension.

■ If the gun business and guns were valued at $9,140 rather than the trial court's valuation and Evelyn's pension accounted for, Arvin's share of the marital assets would approximate only 37%. While property division need not be mathematically equal, division must be equitable. *See* Minn.Stat. § 518.58 (1984). Given contribution and employment by both parties, similar ages and health problems, a more equitable property division is justified.

■ 2. Arvin contends the trial court erred by awarding Evelyn attorney's fees, while she claims the court should have awarded more than $2,000 because her fees exceeded $7,000. Trial courts have broad discretion in awarding attorney's fees, and an award will not be disturbed absent a clear abuse of discretion. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). A review of the record shows support for an increased award because of Arvin's failure to cooperate, the violation of the restraining order, and concealment of his assets, all requiring additional, but unnecessary, attorney's fees because of Arvin's conduct.

Moreover, Arvin is in a stronger financial position and received virtually all the parties' liquid assets. We find this is one of those rare cases where the award of attorney's fees should be increased. *See, e.g., Kroening v. Kroening*, 390 N.W.2d 851, 855 (Minn.Ct.App.1986). As a result, we remand the issue for a determination of additional attorney's fees based upon additional fees incurred by Evelyn as a result of Arvin's misconduct in the trial of this action.

### DECISION

The trial court is affirmed on all issues except the valuation and division of the gun business, Evelyn's nonvested pension benefits, and attorney's fees. The matter of the gun business valuation thus is remanded for more specific findings and additional testimony if deemed necessary. The matter of attorney's fees similarly is remanded. We find the trial court did not abuse its discretion in its valuation of the parties'

homestead and the award of spousal maintenance.

Affirmed in part, reversed in part and remanded.