*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0943**

In re the Marriage of: Larry Joe Bolton, petitioner,
Respondent,

vs.

Susan Mary Bolton,
Appellant.

**Filed March 2, 2015
Reversed and remanded
Connolly, Judge**

Crow Wing County District Court
File No. 18-FA-12-2811

John G. Westrick, Westrick & McDowall-Nix, PLLP, St. Paul, Minnesota; and

George P. Wetzel, Jr., Wetzel Law Office, Brainerd, Minnesota (for respondent)

Shari L. Frey, Frey Law Office, Ltd., Brainerd, Minnesota; and

Virginia J. Knudson, Borden, Steinbauer, Krueger & Knudson, P.A., Brainerd, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges the judgment dissolving the parties' marriage on the ground that the district court did not make specific findings as to the values of the parties' real property or any findings to explain the amount of the equalizing payment or the disparity in the parties' awards. Because, absent such findings, we are unable to determine whether the district court's award was an abuse of discretion, we reverse and remand for appropriate findings.

## FACTS

Appellant Susan Bolton and respondent Larry Bolton were married in 1976. They separated in 2012, when appellant left their homestead, a farm. Respondent brought a dissolution action.

Both parties proposed an equal division of the marital estate, but they suggested different means of achieving this result. Respondent proposed that he be awarded the homestead, his retirement assets, and his personal property and that he make an equalization payment of about $90,000 to appellant, who would also receive the parties' other real property and her personal property. Appellant proposed that all the property be sold, that the proceeds be divided between the parties, and that respondent, from his share, pay off his attorney lien on the homestead and make her an equalizing payment of about $64,000.

Following trial, the district court issued a judgment that did not divide the marital estate equally but roughly 62% to 38%. Respondent received about 62%, including the

2

homestead; appellant received about 38%, including the other real property and an equalizing payment of $64,000. There were no findings as to the value of the homestead or the other real property, and no findings supported or explained either the amount of the equalizing payment or the disparity in the awards.

Both parties moved for amended findings of fact, conclusions of law, and judgment; except for some minor procedural items in appellant's motion, both motions were denied. Appellant challenges the denial, arguing that the district court abused its discretion because, absent adequate findings, its division of the parties' marital estate was against logic and the facts on the record.

## DECISION

A district court abuses its discretion in dividing property if it resolves the matter in a manner "that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984).

The marital estate amounted to between $911,311 and $965,240; respondent's share was between $620,770 and $665,199, and appellant's between $290,541 and $300,041.[1] The district court, "to equalize the distribution of marital assets," set an equalization payment of $64,000. But that payment did not come close to "equaliz[ing] the distribution"; it merely decreased respondent's share to between $556,770 and $601,199 and increased appellant's to between $354,540 and $364,040. An "equalizing"

---

[1] The lack of findings as to the value of the homestead and the other real property is in part responsible for the range in the values of the estate and each party's share. Respondent concedes that the district court should have made findings for both the values of the parties' real property holdings and the amount of the equalizing payment and the disparity in the awards, but argues that findings were not necessary.

3

payment that results in such a disparity is against logic and is thus an abuse of discretion. *See id.*

Moreover, while we are aware that "an equitable division of marital property is not necessarily an equal division," *Sirek v. Sirek*, 693 N.W.2d 896, 900 (Minn. App. 2005), (quotation omitted), an inequality of roughly 62% to 38% requires some explanation of why it is equitable. *See Nemmers v. Nemmers*, 409 N.W.2d 225, 228 (Minn. App. 1987) (reversing and remanding a 63% - 37% split because, in light of the parties' similar ages and health problems, "a more equitable property division [was] justified"); *Oberle v. Oberle*, 355 N.W.2d 210, 212 (Minn. App. 1984) (reversing and remanding a 62% - 38% split because, in light of the parties' "relatively equal contributions to the marriage" and one party's unemployment, medical problems, and greater needs, it was "inequitable").[2] Here, we have no basis to determine why the parties' shares were so disparate or whether that significant disparity was, for some unstated reason, nevertheless equitable.

> While . . . [district] courts are accorded broad discretion in both the valuation and distribution of an asset, exercise of that discretion is not unlimited and should be supported by either clear documentary or testimonial evidence or *by comprehensive findings issued by the court.* The absence of such findings renders review of the amended judgment difficult.

---

[2] *But see Kramer v. Kramer*, 372 N.W.2d 364, 367 (Minn. App. 1985) (calling a 60% - 40% marital property division "disputable" where the district court "made no memorandum or other explanation to indicate how it viewed the statutory factors set forth in [Minn. Stat. §] 518.58," but concluding that "the evidence sustains the division such that we cannot say it is clear that the trial court abused its discretion" and noting that the party with the larger award "ha[d] limited vocational skills, and [the other party] ha[d] skills honed by twenty-five years of business experience."), *review denied* (Minn. Oct. 11, 1985). *Kramer* is distinguishable, however; here, there is no comparable evidence as to why disparate awards are appropriate.

*Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn. 1983) (emphasis added). Here, the absence of "clear documentary or testimonial evidence" makes findings necessary. *See Guetzkow v. Guetzkow*, 358 N.W.2d 719, 721 (Minn. App. 1984) (remanding division of marital property for "more complete findings" because there was no "clear documentary or testimonial evidence" on the issues raised by the party challenging the property division and the district court did not make "comprehensive findings" but "simply set forth its conclusions"); *Roberson v. Roberson*, 296 Minn. 476, 477-78, 206 N.W.2d 347, 348 (Minn. 1973) (remanding because "[t]he [district] court failed to make findings of fact from which it can be determined on what basis the court made its award" and holding that "where the record is not clear and the facts are in dispute, findings of fact by the [district] court, made pursuant to [Minn. R. Civ. P.] 52.01, should be made").

We reverse the denial of appellant's motion to amend the findings of fact, conclusions of law, and dissolution judgment and remand for appropriate findings.

**Reversed and remanded.**